Jim Jenkins, alias Jim Johnson, v. The State.

No. 545.    Decided April 19, 1910.

Rehearing denied May 25, 1910.

**1.—Murder—Statement of Facts—Time for Filing Extended.**

Where, upon appeal from a conviction of murder, the record showed that the time for filing the statement of facts had been extended before the expiration of the time granted in the original order, the same was filed in time within said extension.

**2.—Same—Sufficiency of the Evidence.**

Where, upon appeal from a conviction of murder in the second degree, the evidence sustained the conviction, the same will not be disturbed.

**3.—Same—Evidence—Charge of Court—Res Gestae.**

Where, upon trial of murder, the evidence showed that defendant killed another while killing deceased, there was no error in admitting evidence of this fact as part of the res gestae upon the question of malice and motive; and there was no error in the court's failure in not limiting said testimony. Following Wilkerson v. State, 31 Texas Crim. Rep., 86.

**4.—Same—Joint Attack—Charge of Court.**

Where, upon trial of murder, the evidence showed that the defendant struck but one blow which killed the deceased, and thereafter also cut his wife, there was no error in the court's failure to submit the issue of joint attack by the deceased and defendant's wife.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. E. R. Campbell.

Appeal from a conviction of murder in the second degree; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Uvalde Burns,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—This is an appeal from a conviction for murder in the second degree with a penalty of ten years confinement in the penitentiary.

A trial was had in the court below at the December term of the District Court of Harris County, which began on the 6th day of December, A. D. 1910. On January 27, 1910, when appellant's motion for new trial was overruled, the court granted appellant thirty

days after the adjournment of the court in which to prepare and file a statement of facts and bills of exceptions. We do not find in the record any order of the court below extending the time in which to file the statement of facts. There is, however, a statement of facts filed in this court which shows the same to have been filed in the court below on March 9, 1910, more than thirty days after the adjournment of court. Appellant failing to show any authority for filing the statement of facts after the time allowed by the court, to wit: thirty days, the same can not be considered by this court. There are no bills of exceptions in the record and in the absence of a statement of facts we are not advised as to whether prejudicial errors were committed by the court below in its charge to the jury, and there being nothing in the record indicating that any error was committed by the trial court in the trial of the case, the judgment will be affirmed, and it is accordingly so ordered.

*Affirmed.*

### ON REHEARING.

### May 25, 1910.

McCORD, Judge.—At a former day of this term of court the judgment in this case was affirmed. Appellant has filed a motion for rehearing in which it is claimed that this court was in error in not considering the statement of facts. In the judgment affirming the case the statement of facts was not considered because they showed that they had been filed more than thirty days after the adjournment of the term of court at which the case was tried. Our attention has been called to the indorsement on the statement of facts made by the judge extending the time for filing the statement of facts, this order having been made before the expiration of the thirty days granted in the original order. The motion for rehearing will therefore be granted and the case considered with reference to the statement of facts on file.

There are three grounds set up in the motion for new trial. First, is that the evidence is not sufficient to support the verdict. Second, that the court erred in failing to charge the jury that appellant had the right to defend himself against a joint attack made upon him by the deceased, Luther Tucker, and Pinkie Jenkins, appellant's wife; and, third, for the failure of the court to limit the purpose for which the testimony of Lottie Bailey was admitted as to the appellant assaulting her, Lottie Bailey, and his wife and cutting them with a knife. From the statement of facts it appears that in February, 1906, the deceased, Luther Tucker, lived in Houston, and was working in the market of a man by the name of Long; that there was a small room in the back yard of the market where deceased lived; that at about sundown of the day in question appellant's wife came to the market, went across the street from the market, bought a bucket of beer from Mrs. McCullough, who sold

beer, brought it back and asked the deceased if she might drink the beer in his room, and the deceased gave her permission so to do; that while appellant's wife was standing in the door drinking beer, appellant came up and stabbed Luther Tucker, who was standing in the back yard in front of the door. When the appellant stabbed the deceased, deceased cried out, "You are cutting me innocent." The deceased ran across the street when he was stabbed and fell down and died instantly, but one wound being made in 'his body, and this evidently struck his heart. Appellant then turned and cut Lottie Bailey, another woman standing by, and then cut his wife. Appellant then left and was never seen in Houston any more until he was captured some four years thereafter in Trinity County. Appellant took the stand and testified that he was married to Pinkie Jenkins, and they lived in Houston; that he worked at night as a fireman; that just before he started to work on the night of the killing his wife told him that she was going over in the third ward and sit up with a white lady, who was sick, for which she was to be paid $1.50; that his wife left and the appellant started to his work. He states, however, that he was suffering with a violent headache and hired another negro to take his place and returned to his home and his little girl, his daughter by a former marriage, asked him to get her some wieners; that he went up to Long's market for the purpose of getting the wieners and some steak for breakfast, and that while in the market talking to Mr. Long he heard some talking and a woman's laugh out back of the market, and thought he recognized it as his wife's voice; that he went back and looked into this room through a window and saw his wife undressed, lying on the bed, and the deceased sitting on the bed with his arms around her and the door closed. He says he went up to the window, which faced on the street, and commenced talking with his wife about her conduct, and that he walked around to the door and asked his wife to come out, when the deceased cursed him and told him that if he wanted his wife to come on and get her, and as he walked into the door the deceased shoved a *long gun in the* appellant's breast and jobbed it against his bosom twice, and that he thought deceased was going to shoot and that he had an open knife in his hand and struck deceased on his left side, and that was the only lick he struck deceased, and that after he stabbed the deceased his wife ran up and struck him over the head with a billet of wood and dazed him; that the lick cut a gash in his head and that it bled a great deal, and that when his wife struck him he turned around and struck her with the knife; that if he cut the woman Lottie Bailey he did not intend to do so and it was an accident. This is a sufficient statement of the facts to illustrate the issues raised by the motion for new trial.

The court submitted the case to the jury on murder in the first and second degree, manslaughter and self-defense, and besides

instructing them the law with regard to self-defense he also instructed them that if the conduct of appellant's wife and the deceased and the circumstances that surrounded them indicated to the mind of the appellant that they had either had illicit intercourse, or were about to engage in the same and he killed the deceased, that they would acquit the defendant. We are of opinion that under the facts in this case we would not be authorized to disturb the verdict of the jury. We are also of opinion that the court below did not err in refusing to instruct the jury as to the purpose to which the testimony with regard to cutting appellant's wife and the Bailey woman could be applied. This testimony was part of the res gestae of the case and was admissible both on the question of malice and motive. In the case of Wilkerson v. State, 31 Texas Crim. Rep., 86, it was held where testimony showed that Wilkerson, after killing his wife, shot and killed one Will Hamilton, it was admissible. This testimony was objected to and a bill of exceptions reserved and this court, speaking through Judge Davidson, said: "But had the matter been properly presented, we do not believe any valid objection could have been urged to the competency of the evidence. It was clearly admissible as res gestae." And it was pertinent to the question of malice and motive. We are not advised of any rule of law that requires the court to single out any portion of the testimony that goes to develop the res gestae of a case and to limit the effect of such testimony. Appellant could not possibly have been injured by this testimony. The indictment charged the killing of Tucker. The jury could not have convicted appellant under this indictment for assault to murder on the Bailey woman or on appellant's wife.

In regard to the third proposition, that is, as to the right of the appellant to defend against the joint attack of the deceased and his wife, the facts did not call for this charge. Appellant says he struck but one blow and this blow was fatal, and that it was after he had given the death wound that his wife struck him. No witness testified other than the defendant as to any defensive matter. By his own testimony he eliminates the idea of joint attack by the deceased and appellant's wife upon him. Hence, for the court to have so charged the jury would have injected into the case an issue not made by the testimony.

After a careful review of the whole case we are of opinion that we would not be authorized to disturb the verdict of the jury. The issues of law were fairly presented by the trial judge, and finding no error, the motion for rehearing is overruled.

*Overruled.*