Planton Sanchez v. The State.

No. 6352.   Decided June 22, 1921.

Rehearing Denied October 12, 1921.

**1.—Gaming—Indictment—Felony—Keeping Gambling House.**

Where, upon trial of gaming, there were two counts in the indictment, the first of which is sufficient to charge a felony, although the second count is not, and both counts having been submitted to the jury, the conviction is sustained.   Following Francis v. State, 233 S. W. Rep., 974.

**2.—Same—Venue—Indictment—Pleading.**

Where the indictment for gaming alleged that the defendant in the county of the prosecution, did keep a building, etc., as a place for the purpose of being used for gaming, etc., the venue was sufficiently alleged.

**3.—Same—Indictment—Betting at Games—Offense Defined.**

It is not necessary that the indictment allege that persons did bet and wager at games played with cards or dice in the offense charged under Article 559, P. C., which prohibits the keeping of a place for the purpose of being used as a place to bet or wager.

**4.—Same—Private Residence—Indictment.**

The offense defined by Article 559, supra, may be committed regardless of whether the place be a private residence, or not, there being a definition in said statute of what constitutes the place therein referred to.

**5.—Same—Keeping Gambling House—Lease Not Necessary—Constitutional Law.**

It was not necessary to allege how or in what manner defendant held or obtained any interest in said house, etc., and the unconstitutionality of the law having been passed on adversely to defendant's contention, there was no error in overruling the motion to quash.

**6.—Same—Evidence—Defendant's Acts and Declarations.**

Upon trial of keeping and being interested in keeping a gambling house, there was no error in admitting evidence that there was a monte table in the room in question on which was money and actual betting was in progress, and that defendant was dealing; besides, the bill of exceptions was entirely defective.

**7.—Same—Evidence—Interest in Gambling House.**

Upon trial of keeping and being interested in keeping a gambling house, there was no error in admitting testimony that defendant had an interest of one hundred and fifty dollars per month in said gambling house.

8.—Same—Requested Charge—Keeping Gambling House.

Upon trial of keeping and being interested in keeping a gambling house, there was no error in refusing a special charge to the effect that evidence that defendant played at certain games and bet on same in said premises would not constitute a basis for conviction. Distinguishing Bell v. State, 84 Tex. Crim. Rep., 197.

9.—Same—Requested Charge—Lease—Dealing Monte.

Upon trial of keeping and being interested in keeping a gambling house, there was no error in refusing a requested charge to the effect that it must be shown that defendant owned or held a lease on the property in question, or owned some interest therein, the evidence showing that the house was conducted for profit and that defendant was overseeing and dealing, and taking part in the game. Distinguishing Davis v. State, 68 Texas Crim. Rep., 259.

10.—Same—Rehearing—Offense Defined—Res Gestae—Limiting Testimony.

Where, upon trial of keeping and being concerned in keeping a gambling house, the evidence showed that defendant was dealing a monte game therein, and that games of poker were running in said house, and many people participated in the gambling, and that defendant told these people that he was the owner of the place and running the house, the same was properly admitted as res gestae, and it was not necessary to limit such evidence. Following Jenkins v. State, 59 Texas Crim. Rep., 478, and other cases.

11—Same—Rule Stated—Res Gestae—Limiting Testimony—Charge of Court.

When the testimony in question is admissible, to prove the main issue, it is not necessary for the court to limit or restrict the purpose for which same is admitted. Distinguishing Bell v. State, supra, and in the instant case there was no danger of defendant having been convicted of another offense than that charged in the indictment.

Appeal from the District Court of Bexar. Tried below before the Honorable W. S. Anderson.

Appeal from a conviction of keeping and being interested in keeping a gambling place, etc.; penalty, two years imprisonment in the penitentiary.

Leaving out formal parts of the indictment, the same charge in the second count thereof that "Planton Sanchez did unlawfully and knowingly permit a building, room, and place which was then and there under the control of him, the said Planton Sanchez, to be used as a place to bet, wager, and gamble with cards and dice and as a place where people resorted for the purpose of betting, wagering, and gambling with cards and dice."

*Chambers, Watson & Johnson,* for appellant.—Cited: Bell v. State, 206 S. W. Rep., 516; Thornley v. State, 35 id., 981; Taylor v. State, 22 Texas Crim. App., 545; Eylar v. State, 37 Texas Crim. Rep., 259; Mohan v. State, 42 id., 411.

*R. H. Hamilton,* Assistant Attorney General, for the State.—Cited cases in opinion.

LATTIMORE, Judge.—Appellant was convicted in the 37th District Court of Bexar County of keeping a place for the purpose of being used as a place to bet, wager and gamble with cards and dice, and his punishment fixed at two years in the penitentiary.

In a motion to quash appellant insisted that the allegation that the house in question was situated in Bexar County, was not sufficient. There were two counts in the indictment submitted to the jury which are an exact copy of those set out in Rasor v. State, 57 Texas Crim. Rep. 10. If either of said counts be sufficient, the judgment of conviction would be upheld under said good count. We are of opinion that the second of said counts would be insufficient to charge a felony under the recent case of Francis v. State decided at the present term, but we are also of opinion that the first count is sufficient. In De Los Santos v. State, 65 Texas Crim. Rep. 518; 146 S. W. Rep. 919, in which the allegations of venue were some what similar to those in the instant case, though hardly as clear, we upheld the allegation of venue, and this case seems to have been followed since. Reverting to that part of the first count in said indictment in which is presented the matter now under consideration, we observe that it is alleged as follows: "In the County of Bexar, and State of Texas Planton Sanchez did unlawfully keep and was then and there interested in keeping a building, room and place for the purpose of being used as a place to bet, wager and gamble with cards, and did then and there keep and was then and there interested in keeping said building, room," etc. This so plainly alleges that the appellant in the County of Bexar and State of Texas, did keep a building, etc., for purposes forbidden by statute, as to leave no room for doubt. It is clear that all the allegations with reference to keeping and being interested in keeping, etc., refer to the same building and room, and it being charged that in said County and State he kept same, we have no hesitation in overruling the motion to quash on this ground.

It was also urged against said indictment that it did not allege that persons did bet and wager at games played with cards or dice. This is not necessary, and has been so held. Art. 559, Vernon's P. C., prohibits the keeping of a place for the purpose of being used as a place to bet or wager; and an offense would be committed by one who kept said place for such purpose regardless of whether the purpose had been carried into actual execution and the place used for the purposes intended, or not. Illustrating this,—one might fit his house with paraphernalia for gambling, and advertise its purpose, attempt to induce patronage and be found guilty of keeping, etc, though no one had yet engaged in actual games therein.

It was also urged against the indictment that it was bad for its failure to allege that said place was not a private residence. This is sufficiently answered by the statement that if appellant kept his place for the purpose of being used as a place for betting and wagering, and to which people resorted for the purpose of so doing, it would be no de-

fense that it was a private residence, and hence no necessity existed for negativing that same was such residence. We further observe that the offense defined by Article 559, *supra,* may be committed regardless of whether the place be a private residence or not, there being a definition in said statute of what constitutes the place therein referred to.

It was not necessary to allege how or in what manner appellant held or obtained any interest in said house, etc. The other matters urged against the indictment, involving the constitutionality of the law and the method and manner of its passage, have all been passed upon by this court adversely to appellant's contention. A discussion of the authorities cited by appellant might be interesting, but we have examined and considered same and believe nothing could be gained by presenting our views of the several cases cited.

By his bill of exceptions No. 4 appellant complains that witness Stevens was allowed to testify that there was a monte table in the room in question on which was money, and actual betting was in progress, and that appellant was dealing. The bill is entirely defective. The objections stated are as follows: "To which questions and answers the defendant objected, and objected to anything in reference to the tables or games, because the games they have alleged here is with cards and dice; it is not alleged any monte games, but a monte table is a special table, defined by the statute as a 'gaming table.' That the defendant is charged with playing with cards and dice." The court properly overruled such objections. It is not shown whether there was any objection made to the questions asked before they were answered, nor does it appear what objections were made to the questions referred to. An objection which is stated as follows: "to anything in reference to the tables or games," would be without merit. Inquiry as to the games played in said house at the time would be entirely proper. However, if the objections which appeared to be intended, were properly before us, we would hold the evidence admissible as showing the purpose for which said room was being used. There was evidence that at the time Mr. Stevens went into said room a game of poker was being played at which money was being bet, and as affecting the question of whether or not the offense committed was a felony, under the authority of the cases of Francis v. State, 90 Texas Crim. Rep., 67; Deisher v. State, 233 S. W. Rep., 978, and Fridge v. State, 90 Texas Crim Rep., 75; recently rendered by this court, it would be necessary to show the purpose for which said room was being kept, that is, that it was for the purpose of being used as a place to bet and wager, etc., and as bearing upon this issue and showing the character, surroundings and use of said room, evidence that other games were in progress besides said poker game, was admissible.

Objection was made to one Munoz, a witness for appellant, being allowed to testify that appellant had an interest of $150 per month in this gambling house. There is nothing in the bill of exceptions presenting this matter which shows any error. The interest of ap-

pellant in said house was an issue. Munoz said he had the interest above stated. We are unable to gather from any of the contents of said bill why the facts stated were not admissible. If Munoz knew such fact he could state it. Neither his means of knowledge, nor the method of making same known is attacked in said bill of exceptions.

Appellant asked a special charge to the effect that evidence that he played at certain games and bet on same, in said premises, could not constitute a basis for a conviction for keeping and being interested in such keeping. The refusal of this charge is assigned as error. The case of Bell v. State, 84 Texas Crim. Rep., 197, 206 S. W. Rep., 516 is cited as authority. As we understand that case it holds directly the opposite to appellant's contention. In said case proof was made of playing games by the accused. He was charged as the keeper. This court said in that opinion: "His connection, if any, as keeper, is largely dependent upon the fact that he was in and about said house, and knew that gaming was carried on, and *indulged in such gaming.*" It was thus apparently held that the acts of the accused in playing games might be evidence against him when charged as keeper of the house. What we have above said also substantially disposes of appellant's requested charge that the fact that he dealt or kept banking games could not constitute a basis for conviction herein.

Complaint is made that the court refused to charge the jury that it must be shown that appellant owned or held a lease on the property in question, or owned some interest therein. We can not agree to this proposition. Davis v. State, 68 Texas Crim. Rep., 259; 151 S. W. Rep. 313. Examining the testimony of Senor Munoz as given on appellant's behalf we find that he says with regard to said room: "I was not there the night Stevens was there . . . Planton Sanchez (appellant) was there that night, he had charge of the house there." In his further testimony this witness proceeds: "I had a club over there . . . the club got the rake off . . . the club is all the members, he was interested in it . . . I was treasurer and Planton Sanchez was president . . . he got his part of the money, each man would get his part every month . . . Planton and I got our part each month." As we view the matter it would be difficult to make plainer the proposition, that a gaming house was being run on the premises in question; that games of cards were being there played and money bet on same; also that banking games were being conducted in said premises; that said house was conducted for profit, and that all the members of the so-called club participated in the division of the profits, and especially Munoz and Sanchez, who were not only personally overseeing, dealing and taking part in said games, but were the titular officers of said club, and as such unquestionably kept and were interested in keeping the said house for the purposes set out in the indictment.

Finding no error in the record the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

October 12, 1921.

LATTIMORE, JUDGE.—Appellant insists that the trial court should have given his special charges Nos. 1 and 2, the substance of which was that the evidence showing that he played and bet at certain games, and that he dealt or kept monte games in the premises charged to have been conducted as a gambling house, could not constitute a basis for his conviction for keeping or being interested in keeping said premises as a gambling house.

The evidence of the officers and parties who entered the alleged gaming house on the occasion charged, showed that at the time appellant was dealing a monte game and that another monte game and poker games were running in said house and that seventy-five or a hundred men were up there gambling, and that appellant told them that he was the owner of the place and was running the house. That appellant was present and was connected with a game then being conducted, was but the development of the *res gestae.* Testimony which is a part of the *res gestae* need not be limited. Serop v. State, 154 S. W. Rep. 557; Davis v. State, 154 S. W. Rep. 552; also Davis v. State, 143 S. W. Rep. 1161; Ryan v. State, 64 Texas Crim. Rep. 628; 142 S. W. Rep. 881; Jenkins v. State, 59 Texas Crim. Rep. 478; Long v. State, 55 Texas Crim. Rep., 55; Leeper v. State, 29 Texas Crim. App., 69.

Mr. Branch, on page 121 of his work on Criminal Law, states numerous authorities supporting the proposition that when the testimony in question is admissible to prove the main issue, it is not necessary for the court to limit or restrict the purpose for which same is admitted. It is again urged that the Bell case, *supra,* supports the appellant's position. In that case we held that under its facts a charge similar to that under consideration was proper. The Bell case seems to have been reversed on its facts. An examination of same shows there was no direct testimony connecting Bell with the running of the house in question, and practically the only evidence against him was the fact that he had formerly rented the premises, and had given the house up and it had been rented by another party, it being further shown that about the time in question Bell had played at games on said premises, we held that to refuse the charge mentioned was improper. The facts in the instant case are entirely dissimilar and it appearing without controversy that appellant was running the house in question, and was interested in keeping the same for the purpose of being used as a gambling house, we do not think it possible that the jury could have considered the evidence of his dealing monte or playing at games in said house, in a hurtful way, or that he could have

90 T. C.—11

suffered injury by the failure of the court to limit the purpose of said
evidence in his charge.

It seems to us beyond question that the case is entirely free from.
possible danger of appellant having been convicted of keeping and
being interested in keeping a gambling house because of the fact that
he played at or dealt said games.

The motion for rehearing will be overruled.

*Overruled.*