JORDAN SCOTT v. THE STATE.

No. 13103. Delivered February 26, 1930.
Rehearing denied April 9, 1930.
Reported in 26 S. W. (2d) 263.

The opinion states the case.

*Sam Dardnne* of Waco, and *Leon Jaworski* of Houston, for appellant.

*Dick Holt,* Cr. Dist. Atty., and *J. A. Stanford, Jr.,* Asst. Cr. Dist. Atty., both of Waco, and *A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, death.

Appellant lived a short distance from the home of Robert Pedigo, whose family consisted of his wife and a little child about three years old. Pedigo and his wife were shot and both killed about March 7, 1929. Appellant made a written confession apparently in strict conformity to the statute, in which he admitted that he killed Mr. and Mrs. Pedigo. As a result of his confession the gun with which the killing was done was found in appellant's field where he had placed and covered it by plowing earth over it. An empty shell was found at a place where he said he stood and fired at Pedigo. The facts show a voluntary killing upon malice aforethought, and would appear to justify the infliction of the extreme penalty, if such case there be.

There are six bills of exception. Bill No. 1 complains of the testimony of the first witness who arrived at the scene of the homicide, who was permitted to detail his entrance into the house and his

observation of the dead body of Mrs. Pedigo, it being claimed that this was inflammatory and not admissible under an indictment charging the appellant with the murder of Mr. Pedigo. According to the confession of appellant the killing of the two appears unquestionably one and the same transaction, and the testimony complained of would appear to be material in the development of the State's main case against appellant on trial for this accusation. The same observation is true of the complaint evidenced by bill of exception No. 3, which was to the effect that Mrs. Pedigo's face was powder-burned and that she was bloody, etc. The same general qualification was put by the trial court upon this bill that the entire killing was part of the execution of one design, and that same was one transaction. To the same effect is bill of exception No. 4 complaining of the reception of evidence of other powder-burns on the body of Mrs. Pedigo. Likewise bill of exception No. 5 complains of the admission of testimony as to the condition of the injuries on the head of Mrs. Pedigo. This testimony was not only a part of the development of the case and in corroboration of the confession, but seems to have been admitted properly as part of the res gestae.

A lengthy bill of exception was reserved to the admission of the appellant's confession. We have no doubt of the correctness of the action of the court in this regard. The length of the bill and the setting out of the testimony of the various witnesses who established the predicate for the admission of the confession, precludes any extended discussion. It was shown that the appellant freely and voluntarily, and after statutory warning, made the confession. In view of expressions of some of the witnesses, however, the learned trial judge took the precaution of submitting to the jury the question as to whether the confession was freely and voluntarily made, and was in conformity to the statute, and instructed the jury that unless they believed it was so made they could not consider it as evidence against appellant. In this connection we might further call attention to the fact that as the result of said confession incriminating evidence against appellant was discovered.

Being of opinion that the record manifests that this accused has received a fair trial, and that the facts are sufficient, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant calls our attention to an inaccurate statement in our original opinion to the effect that as a result of appellant's confession "the gun with which the killing was done was found in appellant's field." Officers took appellant to his field and with a pitch fork appellant uncovered the gun where he had "plowed it under." This occurred during the day preceding the making of the written confession that night. We have again carefully examined appellant's claim that this written confession was not "voluntary." The question was submitted to the jury under appropriate instructions. We find no basis for predicating a holding that the confession was improperly received in evidence. This was the effect of the announcement in our former opinion independent of the inaccuracy pointed out.

The court instructed the jury that if appellant killed deceased voluntarily and with malice aforethought his punishment could be assessed at death, or by confinement in the penitentiary for life, or for any term of years not less than two, but did not tell them that unless from all the facts and circumstances the jury believed appellant was prompted and acted with malice aforethought the punishment could not exceed five years. No exception was taken to the charge because of such omission, and no special charge supplying it was requested. In no way was it called to the trial court's attention that appellant desired such instruction. Appellant urges in this court that the omission mentioned was fundamental error because in Chapter 274, Acts 40th Legislature, Reg. Sess., page 412, it is provided that in all cases of murder the court shall define "malice aforethought" and apply that term by appropriate instructions to the facts, and tell the jury that unless the killing was upon malice aforethought the punishment should not be more than five years. To uphold appellant's contention would in effect be to declare that the act of the Legislature just referred to repealed—in so far as they apply to trials for murder—Articles 658, 660 and 666, of the C. C. P., which require objection to the charge to be presented in writing at the time of trial. Such is not our understanding of the purpose or effect of the act of the 40th Legislature referred to.

It occurs to us that the omission now complained of could in no event have harmed appellant under the facts of the present case, which do not even suggest that the killing was other than upon malice aforethought.

The motion for rehearing is overruled.

*Overruled.*