## Lus G. Arcos v. The State.

No. 12935. Delivered April 23, 1930.
Rehearing Denied June 11, 1930.

316

 ———— 

The opinion states the case.

*M. C. Gonzales, Dave Watson,* and *Morriss & Morriss,* all of San Antonio, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

The indictment charged appellant with the murder of Joe Barrientes. The testimony showed that appellant killed two other men at the same time. It appears that the victims of the shooting were engaged in the mercantile business. Appellant went into their store in the morning and returned a half-quart of milk he had bought from the store, with the statement that he believed the milk to be sour. One of the parties working in the store told appellant that he thought the milk was all right. Appellant walked out without saying anything else. In the afternoon of the same day appellant sent his son to the store for the purpose of buying some milk. He was informed by one of the parties in the store that they did not have any more milk for appellant. About two hours later appellant came to the store himself and asked for a package of cigarettes. He was handed the cigarettes. Whereupon he said: "How about the milk?" The party waiting on him told appellant that they did not have any more milk for him, but that they were going to give him his money back. According to the state's testimony, appellant cursed the parties in the store, calling them vile names. Those in the store asked appellant to leave, which he did. Leaving the store, appellant made an effort to borrow a gun. He finally secured a gun and bought some ammunition for it. Returning to the store, he shot and killed the party named in the indictment, as well as two others.

Appellant pleaded guilty, and offered testimony tending to show that he had been drinking on the day of the killing, and, further, that he was not of strong mentality. He made no contention that he was insane.

Appellant contends the trial court should have defined malice afore-thought and advised the jury that the punishment could not be assessed at more than five years, unless from all the facts and circumstances the jury believed appellant was prompted and acted with malice aforethought when he shot and killed deceased. No exception was taken to the charge of the court because of such omission, and no special charge on the subject was requested.

It is appellant's position that the omission constituted fundamental error. The holding in Scott v. State, 114 Texas Crim. Rep., 631, 26 S. W. (2d) 263 is adverse to appellant's contention.

Appellant timely and properly objected to the failure of the court to instruct the jury that they could not consider the evidence of the killing of two persons other than the party named in the indictment for the pur-pose of determining the amount of punishment to be assessed against appellant. The opinion is expressed that the court properly declined to limit the evidence as requested. In Jefferson v. State, 110 Texas Crim. Rep., 183, 8 S. W. (2d) 162, it was held that evidence of the killing of another person at the time deceased was killed did not have to be limited, in as much as such killing was so closely connected with the killing of deceased as to be res gestae. In Collins v. State, 108 Texas Crim Rep., 72, 299 S. W., 403, it was held that evidence of an assault which was a part of the very transaction for which the accused was on trial and which constituted part of the res gestae would not have to be limited. In Sanchez v. State, 90 Texas Crim. Rep., 156, 233 S. W., 982, it was held that testimony which is a part of the res gestae need not be limited. See, also, Jenkins, alias Johnson, v. State, 59 Texas Crim. Rep., 475, 128 S. W., 1113.

The testimony sought to be limited tended to prove malice. It illus-trated appellant's state of mind at the time he killed deceased. It tended to show a "heart regardless of social duty and fatally bent on mischief." This was one of the main issues in the case. The rule requiring the court to limit and restrict the purpose for which certain testimony has been received does not apply when the admitted testimony is admissible to prove the main issue. Branch's Annotated Penal Code, sec. 189; Collins v. State, supra.

In his closing argument, the district attorney said: "Gentlemen of the jury, if your verdict in this case is less than death the state will have lost its case." He further said that appellant should have the death pen-alty because he killed three persons. Appellant objected and requested the court to instruct the jury to disregard the argument. A written instruc-tion on the subject was presented to the court and given to the jury pur-suant to appellant's request. It is the general rule that the withdrawal of improper remarks by an instruction to the jury not to consider them will be deemed sufficient to cure the error. Branch's Annotated Penal Code

of Texas, sec. 362. However, when the improper argument is of such nature as to be obviously hurtful and prejudicial it will call for a reversal, although the court instructs the jury to disregard such argument. In any event, in determining whether the effect of an improper argument is of such a nature as to be obviously hurtful and prejudicial, the facts and surroundings of the particular case must be looked to. We quote from the opinion on motion for rehearing in the case of Silver v. State, 110 Texas Crim. Rep., 512, 8 S. W. (2d) 144, 148, as follows:

"Another thing that must be borne in mind is that the facts and surroundings of the particular case should be looked to in determining the effect of the argument complained of. The same language under a certain state of facts might be highly prejudicial and not so regarded under other circumstances. This is illustrated in Todd v. State, 93 Texas Crim. Rep., 553, 248 S. W., 695; Coates v. State, 98 Texas Crim. Rep., 314, 265 S. W., 891; Vineyard v. State, 96 Texas Crim. Rep., 401, 257 S. W., 548."

The testimony touching the killing of two other persons was properly in evidence. It was res gestae and tended to prove malice. In determining the penalty to be assessed it was proper for the jury to look to all of the facts and circumstances illustrating the state of appellant's mind at the time of the homicide. Measured by the facts and circumstances in evidence, we are of the opinion that the prompt action of the trial court in instructing the jury to disregard the argument cured the error, if any. We think it was proper for the district attorney to argue that the state had lost its case if the death penalty was not assessed.

In the opening argument one of counsel for the state used language as follows: "Gentlemen of the jury: The attorneys for the defendant will tell you that the defendant has pleaded guilty and they will plead to you for a term of years or life in the penitentiary instead of the death penalty in the case, and you know that if you send him to the penitentiary in a few years he may be pardoned or escape from the penitentiary."

Appeallant objected to the foregoing argument on the ground that it was "unlawful, improper and inflammatory and highly prejudicial to the rights of the defendant." Whereupon the court said: "Mr. Noonan do not argue that to the jury." Counsel for the state replied: "I have completed that argument anyway." Appellant again interposed objection. Appellant requested no charge instructing the jury to disregard the argument. It is the general rule that unless the remarks are obviously of a nature to impair the rights of the accused, or to improperly prejudice his case before the jury, such remarks, though improper, will not be considered for reversal, unless a charge instructing the jury to disregard them was asked and refused, and exception reserved. Appellant has cited us no case, and we know of none under facts at all similar to those before us in which it has been held that remarks of the nature under consideration call for a

reversal notwithstanding the fact that no charge instructing the jury to disregard such remarks was requested. Every man intelligent enough to serve on a jury knows that pardoning power is vested in the governor, and that not infrequently persons condemned to confinement in the penitentiary for life are granted executive clemency. Again, that convicts escape from the penitentiary is a matter that is frequently brought to the knowledge of the citizenship. Counsel for the state, in suggesting that appellant might be pardoned or might escape from the penitentiary if the death penalty was not inflicted, imparted no information to the jury that they did not possess. This being true, can it be said that the argument was of such a hurtful anl prejudicial character as that its withdrawal could not save appellant from injury? We think the question must be answered in the negative, and that the remarks, if improper, cannot, under the facts here, be considered for reversal because of the failure of appellant to present a charge instructing the jury to disregard them.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We discuss only one question urged in the motion for rehearing. The court did not in his charge define malice aforethought, nor tell the jury that punishment could not be assessed at more than five years unless the killing was upon malice aforethought. The trial judge was not apprised by any objection to the charge that appellant was complaining of such omission. Nevertheless appellant urges that this court ought to consider the omission because in Chapter 274, Acts 40th Leg. (1927) Regular Session, page 412, (Vernon's Ann. P. C. of Texas, arts. 1256-1257B), it is provided that in all cases of murder the court shall define "malice aforethought" and apply that term by appropriate instructions to the facts, and tell the jury that the punishment could not be more more than five years unless the killing was actuated by malice. It was expressly held in Scott v. State, 114 Texas Crim. Rep., 631, 26 S. W. (2d) 263, that the act of the 40th Legislature referred to did not repeal articles 658, 660 and 666, C. C. P., which requires objection to the charge to be made in writing at the time of the trial.

The indictment charged that appellant did "unlawfully with malice aforethought voluntarily kill" deceased. Under all the formalities required by the statute appellant entered a plea of guilty. In Aills v. State, 114 Texas Crim. Rep., 345, 24 S. W. (2d) 1097, accused urged the same delayed complaint presented by appellant. In the opinion on rehearing

in that case we said: "Appellant earnestly insists that the charge of the trial court was fundamentally erroneous for the reason that same did not expressly refer to or submit to the jury that the killing must be upon malice aforethought. The indictment charged that the murder was upon malice aforethought. Appellant pleaded guilty, and thus admitted all the material allegations of the indictment as well as the statutory elements of the crime charged. Bennett v. State, 98 Texas Crim. Rep., 661, 267 S. W., 987; Gipson v. State, 86 Texas Crim. Rep., 364, 216 S. W., 870; Williams v. State, 86 Texas Crim. Rep., 366, 216 S. W., 881."

Under a plea of guilty the trial judge would not ordinarily think it necessary to charge upon the question of "malice aforethought," and if appellant thought it pertinent the court's attention should have been called to the matter at the time of the trial by proper written objection as required by articles 658, 660 and 666, C. C. P.

It is vigorously insisted that because appellant was in a highly nervous and excited state of mind at the time of the killing this tended strongly to show that the killing was not upon malice, and therefore the failure of the court to give the instruction relative to "malice aforethought" was calculated to injure the rights of appellant and therefore that the statute requiring objections to the charge to be made at the time of trial should not apply. We doubt that appellant's legal proposition is sound, but do not discuss it because it seems not applicable. It may be conceded that appellant was excited and highly nervous at the time of the killing, but it by no means follows that the killing was not upon malice aforethought. If the state of mind referred to was not produced by "adequate cause" —as known under the old law—the killing would have been regarded as upon malice aforethought. Appellant became angry because of a very trivial matter; he aggravated this condition of mind by using intoxicating liquor; he went to a store and tried to rent a 30-30 Winchester carbine, ostensibly to go deer hunting, and refused another make of gun because he was not familiar with its operation; a new gun of the kind he wanted was in the store, rental of which was refused; he tried at another place to borrow a gun of the kind he wanted; failing in this he returned to the first store and purchased the new gun; he then proceeded to the store in which the parties at whom he was angry worked, and killed three men as fast as he could operate the gun.

Under the plea of guilty and the facts in the present case it does not occur to us that a failure of the court to charge upon "malice aforethought" could or might have resulted in any injury to appellant.

The motion for rehearing is overruled.

*Overruled.*