ERNEST JOHNSON v. THE STATE.

No. 14913. Delivered March 9, 1932.
Rehearing Denied April 20, 1932.

The opinion states the case.

*Nye Hale Clark* and *Ben F. Cone,* both of Lockhart, and *C. L. Patterson* and *Paul W. Evans,* both of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

The case was tried in Caldwell county on a change of venue from Medina county.

It was alleged in the indictment, in substance, that appellant, with malice aforethought, killed Frank Kempf by striking him with an iron bar and wooden stick. Appellant entered a plea of guilty. The state offered in evidence appellant's written confession, wherein he stated that he went to the home of deceased, Frank Kempf, at night, with John L. Green, for the purpose of killing and robbing deceased. He stated in the confession that he and his companion called deceased out of the house and that he struck deceased on the head with a stick of wood while John L. Green hit him with a piece of iron bolt. According to the confession, the parties then placed deceased's body in his (deceased's) car and drove to a place near a schoolhouse, where they threw the body into some weeds. A small amount of money was taken from the person of deceased. The state introduced in evidence testimony touching the finding of the body of deceased several days after the homicide, at the schoolhouse. Several witnesses identified the body as being that of deceased.

Testifying in his own behalf, appellant admitted that he and John L. Green went to the home of deceased for the purpose of killing and robbing him. He detailed from the witness stand the matters embraced in his confession. He testified that his confession spoke the truth, with the exception of a certain immaterial statement. He said he was born in 1912. We quote from appellant's testimony as follows: "I have smoked Marijuana. I smoke it all the time. I have been smoking it about six months. I smoked two or three cigarettes a day. As to what effect that has on me, it makes me crazy, I don't know what I am doing. On the 15th day of June (the date the offense was committed) I smoked two or three Marijuana cigarettes." On cross-examination, a physician who was testifying for the state said: "A boy nineteen years addicted to smoking Marijuana cigarettes, if he was a constant smoker, it would have a marked effect upon his mind and mentality. It would disturb and derange his mental capacity." Appellant's mother, in referring to the use of Marijuana cigarettes by appellant, said: "Ernest has smoked Marijuanas. When he smokes them Marijuana cigarettes, he lays down and sleeps two or three hours, and when he gets up he acts just like he was under the influence of whisky, just like he was drunk. I don't know whether he smoked any on June 15th (the day of the offense) or not. He slept a long time, and when he got up he looked like he had been smoking them. I did not want him to smoke them; I told him not to smoke them things, he would go crazy."

The trial court instructed the jury that appellant had entered a plea of guilty, and charged the jury to find appellant guilty of murder with malice aforethought and assess his punishment at death, or by confinement in the penitentiary for life, or by confinement in the penitentiary for any term not less than two years. Appellant interposed no objections to the charge of the court. He now contends that the court committed fundamental error in not defining malice aforethought, and in omitting to instruct the jury that the punishment could not be assessed at more than five years, unless from all the facts and circumstances, the jury believed appellant acted with malice aforethought. The holding of this court in Scott v. State, 114 Texas Crim. Rep., 631, 26 S. W. (2d) 263, is adverse to appellant's contention. See, also, Arcos v. State, 120 Texas Crim. Rep., 315, 29 S. W. (2d) 395. In any event, it does not appear, under the facts, that the failure of the court to give the instruction under consideration could have harmed appellant. The evidence does not even suggest that the killing was other than upon malice aforethought.

Appellant urged for the first time after his conviction that the testimony of himself and his witnesses raised the issue of insanity, and that the trial court, after having heard such testimony, should have withdrawn his plea of guilty and tried the case on a plea of not guilty. Appellant relies upon the case of Yantis v. State, 95 Texas Crim. Rep., 541, 255

S. W., 180, in which this court said that if evidence be introduced tending to show the accused insane at the time of the commission of the offense, it is proper for the trial judge to have the plea of guilty withdrawn, and a plea of not guilty entered. Appellant also cited Taylor v. State, 88 Texas Crim. Rep., 470, 227 S. W., 679. The cases cited assert correct propositions of law. Appellant detailed minutely his acts and conduct up to, during, and after the killing of deceased. No witness testified, in terms or effect, that appellant did not know at the time he killed deceased that it was wrong to kill him. It is true that appellant testified that he smoked two or three Marijuana cigarettes on the day of the killing. The killing occurred late at night. When appellant smoked the cigarettes was not shown. The fact alone that a physician testified that the constant smoking of Marijuana cigarettes by a boy nineteen years of age would have a marked effect on his mind and mentality, and would disturb and derange his mental capacity did not, in our opinion, in the light of the record, require that the court have the plea of guilty withdrawn and the case submitted on a plea of not guilty. The mother of appellant went no further than to say that after smoking Marijuana cigarettes he acted like he was under the influence of whisky. Appellant said that he had smoked Marijuana cigarettes for about six months, and that he was approximately nineteen years of age. See Thompson v. State, 119 Texas Crim. Rep., 486, 44 S. W. (2d) 990; Anderson v. State, 67 Texas Crim. Rep., 320, 148 S. W., 802.

After his conviction, appellant, for the first time questioned the jurisdiction of the court to which the venue had been changed. Appellant had filed in Medina county his application for a change of venue. This application was supported alone by the affidavit of appellant. The court entered an order changing the venue to Caldwell county on his own motion. The statute requires that the application shall be supported by the affidavit of the accused and the affidavit of at least two credible persons, residents of the county where the prosecution is instituted. Article 562, C. C. P. The application was defective in failing to comply with the statute. The state filed no contest. Article 565, C. C. P., provides: "Upon the grant of a change of venue, the cause shall be removed to some adjoining county, the court house of which is nearest to the court house of the county where the prosecution is pending, unless it be made to appear to the satisfaction of the court that such nearest county is subject to some objection sufficient to authorize a change of venue in the first instance."

Caldwell county does not adjoin Medina county. If the application had been good on its face, in the absence of a contest, the court could not arbitrarily have sent the case on his own motion to a remote county which might be to appellant's prejudice. Cotter v. State, 113 Texas Crim. Rep., 535, 21 S. W. (2d) 503, 22 S. W. (2d) 1071. Again, in

the absence of a contest, the trial court is bound by the averments properly supported by compurgators as to prejudice, and dangerous combination. Cotter v. State, supra. The mistake of the trial judge in exercising his discretion to change the venue does not affect the jurisdiction of the court to which the transfer is made. Cotter v. State, supra. Under the Constitution, district courts have jurisdiction to try all felonies. The district court of Medina county having ordered this cause transferred to the district court of Caldwell county, and appellant having made no objection either to the transfer of the cause or the trial of it, the district court of Caldwell county was not without jurisdiction of the subject matter so as to render its judgment void. Taylor v. State, 81 Texas Crim. Rep., 347, 197 S. W., 196.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Upon the point urged that the trial court committed fundamental error in not defining malice aforethought, although appellant entered a plea of guilty, we cite Aills v. State, 114 Texas Crim. Rep., 345, 24 S. W. (2d) 1097. It is in accord with the Scott and Arcos cases referred to in our original opinion, and was cited as supporting the holding in Arcos's case.

Appellant renews his insistence that the evidence raised the issue that he was insane at the time the offense was committed and therefore that the court should have caused the plea of guilty to be withdrawn and a plea of not guilty entered, and should have submitted to the jury as a matter of defense the question of appellant's insanity at the time he killed deceased. We have again carefully examined the entire statement of facts, and are confirmed in our opinion that the evidence did not raise such issue. Appellant may have been a smoker of Marijuana, and his mentality may have been to some extent affected thereby, but no evidence is in the record raising the issue that his mind was in such condition at the time of the homicide that he did not know the wrong of such act. In fact, the evidence is all the other way. The reason for the killing, the concealment of the body of his victim to hide the crime, the subsequent use of deceased's automobile (the securing of which was one motive for the killing) were all explained in detail by appellant. We find no reason to believe our former disposition of the case was wrong.

The motion for rehearing is overruled.

*Overruled.*