## PANTALEON ORTIZ V. THE STATE.

No. 15889.   Delivered May 17, 1933.
Reported in 60 S. W. (2d) 441.

The opinion states the case.

*Aldridge George* and *John C. Hardy, Jr.,* both of Refugio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Clara Deases by shooting her with a pistol.

Deceased had been appellant's sweetheart. According to appellant's version, he had had intimate relations with deceased,

resulting in her pregnancy, and the performance of an operation bringing about an abortion. Appellant testified that he had asked deceased to marry him, but that her mother had objected. The testimony of deceased's mother constituted a denial of the intimate relationship existing between appellant and deceased, and a denial that the operation testified to by appellant had been performed.

It appears that appellant lived in the home of deceased's mother. On the occasion of the homicide two young men were visiting deceased and her friend, Mateana Lee. These young men were sitting with the girls on a sofa. Appellant was just outside of the room on a porch. Deceased got up and raised a curtain, and, as she started to take her place on the sofa again, appellant fired several shots through the window. One of the young men in the room was instantly killed. Deceased was mortally wounded. Deceased's mother and sister went to the door, the mother saying to appellant: "Leon, what are you shooting in this room for, in this house?" Appellant made no reply, but fired a shot in the direction of the mother and sister.

Appellant declared that he saw one of the young men kiss deceased and saw deceased hugging this young man. He said this conduct angered him, and, drawing his pistol, he fired three shots into the room. Further, appellant testified that shortly before he killed deceased she had told him that the young man visitor was her lover.

The court submitted murder with malice, as well as murder without malice. In each instance the law was properly applied to the facts. The charge adequately presented every issue raised by the testimony.

Bill of exception No. 1 is concerned with the action of the court in permitting the state to prove that at the same time appellant shot deceased he killed Pablo Lopez, who was calling on deceased. This testimony was properly received. Proof of the killing of Lopez was a part of the res gestae of the killing of deceased. Claxton v. State, 4 S. W. (2d) 542; Arcos v. State, 29 S. W. (2d) 395.

Bill of exception No. 2 sets out the following question propounded to Doctor Zarsky: "State whether or not while in the house you saw anyone else who had been wounded, and if so, describe the wounds?" It is recited that appellant objected to the question on the ground that it was no part of the res gestae, and could serve no purpose other than to inflame the minds of the jury. In answer to the question the doctor testified that he found that Pablo Lopez had a wound in his head and another through his hand, and that death resulted from the wound in

his head. This examination was shown to have been made shortly after the homicide. As indicated in our discussion of bill of exception No. 1, there was no error in showing that appellant killed Lopez. We think it follows that it was proper for the physician to describe the wounds and state to the jury that one of such wounds caused the death of Lopez.

Bills of exception 3 and 4 relate to appellant's objection to the testimony of the doctor to the effect that, upon being called to the home of deceased, he found that Lopez was dead and that deceased was mortally wounded. Our discussion of bills 1 and 2 is applicable to the questions presented by bills 3 and 4.

A careful examination of all of appellant's contentions leads us to the conclusion that error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.