**HOMER F. GILLETTE and CHARLES MAPP v. THE STATE OF FLORIDA.**

6 So. (2nd) 377                          En Banc
February 20, 1942

Paul Lake, for plaintiffs in error.

J. Tom Watson, Attorney General, Millard B. Conklin, Assistant Attorney General, and Woodrow M. Melvin and Kenneth Ballinger, Special Assistant Attorneys General, for defendant in error.

THOMAS, J.:

The plaintiffs-in-error were convicted of rape and in their appeal from the judgment challenged the sufficiency of the evidence to justify a verdict of guilty and the propriety of the judge's action in refusing two charges requested by them.

The details of the alleged crime as reflected in the evidence are so revolting that we will not discuss them in this opinion but will dismiss the first question with the statement that a study of the record is convincing that there was ample testimony to support the verdict.

The gist of the charges was that evidence of sodomy committed during the criminal transaction could not be considered as establishing rape "but only as a circumstance showing the conduct of the parties." The admissibility of the proof of buggery was not questioned at the trial, nor is it here, the purpose of the charges having been to admonish the jury that that evidence could not be relied upon to prove rape.

This question then becomes allied to the first one. The proof of rape was clear apart from any weight which might be given the evidence of the other crime and there was no need for an attempt to discriminate between what purpose the latter could and could not be considered. All of it was competent under the doctrine of res gestae.

It is contended that where proof of other crimes is admissible the court should guide the jury by pointing out the particular purpose for which it was offered. This seems to be the rule but the instant case falls within the exception to it. Such precaution is not necessary when the evidence shows that the other offense was a part of the res gestae of the one charged.

Wharton's Criminal Evidence, Tenth Edition, pages 218, et seq., Leeper v. State, 29 Tex. App. 63, 14 S. W. 398; Arcos v. State, 120 Tex. Cr. Rep. 315, 29 S. W. (2nd) 395.

Affirmed.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, CHAPMAN and ADAMS, JJ., concur.