Ex parte Ronald Lee WATSON.

No. 64615.

Court of Criminal Appeals of Texas, En Banc.

July 7, 1980.

Paul G. Johnson, Sugarland, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

PHILLIPS, Judge.

This is an application for a writ of habeas corpus filed pursuant to Art. 11.07, V.A.C. C.P.

Petitioner urges that his conviction in Cause No. 4985 in the 42nd District Court of Callahan County is void because the court lacked jurisdiction to enter the judgment and sentence.

Petitioner was charged by information and complaint with the offense of aggravated robbery. Both documents allege that petitioner committed the offense in Taylor County. Each document is signed by an assistant district attorney of Callahan County. Prosecution in the cause took place in Callahan County. Petitioner pleaded guilty to the court, and was convicted. Punishment was assessed at eight years' imprisonment. Sentence was imposed.

Venue for the offense of aggravated robbery is the county where the offense was committed—in this case alleged to be Taylor County. Art. 13.18, V.A.C.C.P. According to petitioner, there was no change of venue to Callahan County. It follows, petitioner reasons, that the District Court of Callahan County lacked jurisdiction to enter the judgment and sentence in this cause.

 It is implicit in petitioner's contention that venue is jurisdictional, i.e. that because venue was improper, the court lacked jurisdiction to try the cause. Although we cannot tell from the state of the record before us whether venue actually was improper, we shall assume that it was improper in order to dispose of this case.[1]

 Petitioner misconstrues the nature of venue. Venue is distinct from jurisdiction. The latter concerns the power of the court to hear and determine the case. Venue means the place where a case may be tried. *Etchieson v. State*, 574 S.W.2d 753 (Tex.Cr.App.1978); *Martin v. State*, 385 S.W.2d 260 (Tex.Cr.App.1964, Opinion on Appellant's Motion for Rehearing); *Ellzey v. State*, 158 Tex.Cr.R. 604, 259 S.W.2d 211 (1953); *Williams v. State*, 145 Tex.Cr.R. 536, 170 S.W.2d 482 (1943); *Taylor v. State*, 81 Tex.Cr.R. 347, 197 S.W. 196 (1917) (Morrow, J., dissenting).

 Improper venue, unlike jurisdiction, may be waived by the defendant's failure to object at trial. *Etchieson*, supra; *Ellzey*, supra; *Gates v. State*, 140 Tex.Cr.R. 228, 143 S.W.2d 780 (1940, Opinion on Appellant's Motion for Rehearing); *Townsend v. State*, 121 Tex.Cr.R. 79, 51 S.W.2d 696, 701 (1932); *Johnson v. State*, 120 Tex.Cr.R. 368, 48 S.W.2d 274 (1932); see Art. 44.24(a), V.A.C.C.P. Unlike jurisdiction, venue may be acquired by consent. *Williams*, supra; *Taylor*, supra (Morrow, J., dissenting); see Art. 13.20, V.A.C.C.P.

Regarding the criminal jurisdiction of district courts, i.e. the power of those courts to hear criminal cases, Art. 5, § 8 of the Texas Constitution provides only that those courts "shall have original jurisdiction in all criminal cases of the grade of felony," and "of all misdemeanors involving official misconduct." The Texas Constitution provides no other limitation on the jurisdiction of district courts in regard to criminal matters. The Code of Criminal Procedure simply traces the constitutional provision. Art. 4.05, V.A.C.C.P.

The distinction between venue and jurisdiction was stated early on by Judge Morrow in his dissent in *Taylor*, supra:

The Constitution having fixed no venue for the trial of felonies, and [in Art. 3, § 45] having expressly vested the power to change the venue in the courts, and specifically declares that the district

---

1. Petitioner asserts in his application that there was no change of venue. However, we are not bound by that assertion, and there is nothing in the record concerning the matter. A valid change of venue might have been effected pursuant to Art. 27.15, V.A.C.C.P. or Art. 13.20, V.A.C.C.P. Moreover, the commission of the offense may have extended over both Taylor and Callahan counties, or appellant may have removed the stolen property from one of those counties to the other. In such case, venue would be proper either in Taylor or Callahan County. See *Hignite v. State*, 522 S.W.2d 210 (Tex.Cr.App.1975); Arts. 13.08, 13.19, V.A.C. C.P.

courts have jurisdiction to try all felonies, and the district court of Williamson county having ordered this cause transferred to the district court in Bexar county, and the appellant having made no objection either to the transfer of the cause or the trial of it, I do not think that the district court of Bexar county was without jurisdiction of the subject-matter so as to render its judgment void.

197 S.W. at 201.

Not long after *Taylor*, Judge Morrow spoke for the majority of the Court:

. . . The precedents are numerous to the point that a mistake of the trial judge in exercising his discretion to change the venue does not affect the jurisdiction of the court to which the transfer is made.

*Cotter v. State*, 113 Tex.Cr.R. 535, 21 S.W.2d 503, 506 (1929, Opinion on Motion for Rehearing).

This Court subsequently stated in *Johnson*, supra:

. . . The mistake of the trial judge in exercising his discretion to change the venue does not affect the jurisdiction of the court to which the transfer is made. *Cotter v. State*, supra. Under the Constitution, district courts have jurisdiction to try all felonies. The district court of Medina county having ordered this cause transferred to the district court of Caldwell county, and appellant having made no objection either to the transfer of the cause or the trial of it, the district court of Caldwell county was not without jurisdiction of the subject-matter so as to render its judgment void. *Taylor v. State*, 81 Tex.Cr.R. 347, 197 S.W. 196.

48 S.W.2d at 276.

To the same effect see *Seaton v. State*, 29 S.W.2d 375 (Tex.Cr.App.1930); *Gates*, supra; *Williams*, supra; *Ellzey*, supra.

More recently, in *Martin*, supra, we stated:

The trial court clearly had jurisdiction over the person of appellant and over the subject matter of the case. The state's failure to prove venue did not affect the court's jurisdiction.

385 S.W.2d at 261. See generally Stumberg, "Jurisdiction and Venue in Criminal Cases," 1 Vernon's Ann.C.C.P., p. XIII (1925).

It is apparent from the above that, strictly as a matter of jurisdiction, a district court may try any case in which the offense takes place within the State.[2] Of course in a given case venue may not be proper under the provisions of Chapter 13 of the Code of Criminal Procedure. The failure to comply with those provisions, however, does not deprive the district court of jurisdiction. Ultimately, whether the provisions of Chapter 13 are enforced depends on whether the defendant asserts his rights under those provisions. We conclude that the trial court in this case had jurisdiction of the cause even if venue were improper.

It is well-established that habeas corpus will lie only to review jurisdictional defects or denials of fundamental or constitutional rights. *Ex parte Shields*, 550 S.W.2d 670 (Tex.Cr.App.1977, Opinion on State's Motion for Rehearing); *Ex parte Mayes*, 538 S.W.2d 637 (Tex.Cr.App.1976); *Ex parte Young*, 418 S.W.2d 824 (Tex.Cr. App.1967). A judgment and sentence may be collaterally attacked only where they are void for want of jurisdiction on the part of the trial court. *Ex parte Shields*, supra; *Ex parte Young*, supra; *Ex parte Williams*, 165 Tex.Cr.R. 130, 303 S.W.2d 403 (1957). Petitioner may not collaterally attack his conviction in this cause on the basis that venue was improper.[3]

Relief is denied.

---

**2.** For the limitations on the exercise of jurisdiction over conduct occurring in part outside the boundaries of this State, see V.T.C.A. Penal Code, § 1.04.

**3.** Petitioner also appears to assert that the information is fundamentally defective. Petition-

er argues that because the information recites that the offense was committed in Taylor County rather than Callahan County, it shows on its face that the District Court of Callahan County lacked jurisdiction. See Art. 27.08(4), V.A.C.C.P.; Art. 21.21(5), V.A.C.C.P. This contention is without merit. We just have held

---

that the District Court of Callahan County had jurisdiction even if the offense were committed in Taylor County. Moreover, venue may have been proper in Callahan County, as we noted at the outset. When an offense may be prosecuted in either of two or more counties, the information may allege the offense to have been committed in the county where the prosecution takes place, or the county where the offense actually occurs. Art. 21.06, V.A.C.C.P.; Art. 21.23, V.A.C.C.P.