NO. 12-07-00257-CR



IN THE COURT OF APPEALS
 

 

TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


JIMENDRICK CLENON CHRISTOPHER
§
 APPEAL FROM THE SECOND

a/k/a JIMENDRICK CLENON SHEDD,

APPELLANT

V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 CHEROKEE COUNTY, TEXAS

 

MEMORANDUM OPINION


 A jury convicted Appellant, Jimendrick Clenon Christopher aka Jimendrick Clenon Shedd, 
of possession of four grams or more but less than two hundred grams of cocaine. The trial court
assessed his punishment at imprisonment for twelve years. Appellant raises two issues contending
the trial court erred in denying Appellant's motion for directed verdict based on the State's failure
to prove venue, and in admitting into evidence exhibits containing cocaine because there was not a
proper chain of custody. We affirm.


Background


 Trooper Justin Stanley of the Texas Department of Public Safety stopped a white Chevrolet
Caprice because it did not have a front license plate. Trooper Stanley made the stop on Highway 135
in Smith County, 937 yards from the Cherokee County line. The driver, Appellant, had no
identification, but was identified by name and date of birth. Appellant did not have a driver's
license. Trooper Stanley arrested Appellant, handcuffed him, and placed him in the patrol car. 
Trooper Stanley found an open container on the passenger side of the vehicle and arrested the
passenger, Russell Robertson, for the open container violation. Trooper Stanley performed a pat
down search for weapons on Appellant and Robertson before placing them in the patrol car. He felt
hard objects in the pants of both, which he suspected was contraband. Trooper Stanley, believing
he was within four hundred yards of the Cherokee County line, (1) transported both men to the
Cherokee County jail rather than the Smith County jail. When Appellant undressed at the county
jail, Trooper Stanley saw Halloween bags under Appellant's genitalia. Trooper Stanley took bags
containing powder cocaine, crack cocaine, and marijuana. Appellant also had $710 in his outer
clothing and more empty plastic bags with Halloween decorations on them in his pants.

 Both Appellant and his passenger lived in Cherokee County. Kevin Rogers, a Rusk police
officer assigned to the Dogwood Trails Narcotics Task Force, testified that he received five exhibits
for testing from Trooper Stanley. Officer Rogers testified that he marked each exhibit with the date,
time, and his initials, packaged the evidence according to department policy, and sent the exhibits
to the Department of Public Safety (DPS) laboratory for analysis.

 Clayborne Cloud III, a DPS laboratory chemist, testified that one exhibit contained 4.24
grams of powder cocaine, three exhibits contained respectively, 3.21 grams, 1.03 grams, and .3
grams of crack cocaine, and the fifth exhibit contained 3.7 grams of marijuana.


Venue


 In his first issue, Appellant contends the trial court erred in denying his motion for directed
verdict in which he asserted that the State did not prove that venue was proper in Cherokee County.

Standard of Review

 A trial court's denial of a motion for directed verdict is reviewed as a challenge to the legal
sufficiency of the evidence. Canales v. State, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003). The
State need prove venue only by a preponderance of the evidence. Tex. Code Crim. Proc. Ann. art.
13.17 (Vernon 2005). In evaluating the legal sufficiency of the evidence supporting an allegation
of venue, an appellate court is required to view the evidence in the light most favorable to the verdict
and determine whether any rational trier of fact could have found, by a preponderance of the
evidence, that venue was proper in the county alleged in the indictment. Murphy v. State, 112
S.W.3d 592, 604-05 (Tex. Crim. App. 2003).

Applicable Law

 The State is required to prove that the prosecution is being brought in the proper venue. Ex
parte Watson, 601 S.W.2d 350, 352 (Tex. Crim. App. 1980). Proof of venue may be established by
direct or circumstantial evidence, and the jury may draw reasonable inferences from the evidence. 
Black v. State, 645 S.W.2d 789, 790 (Tex. Crim. App. 1983); Edwards v. State, 97 S.W.3d 279, 285
(Tex. App.-Houston [14th Dist.] 2003, pet. ref'd). The evidence is sufficient if the jury may
reasonably conclude that the offense was committed in the county alleged. Rippee v. State, 384
S.W.2d 717, 718 (Tex. Crim. App. 1964).

Discussion

 The State alleged in the indictment that Appellant possessed the drugs in Cherokee County. 
Appellant contends that Trooper Stanley knew that he was in possession of contraband from the time
of his pat down search of Appellant immediately after his arrest and while he was still in Smith
County. Officer Stanley testified that after arresting Appellant, but before placing him in the patrol
car, he conducted a pat down search of Appellant and felt hard objects in his pants in the area of his
private parts. Trooper Stanley said that he did not take them out, but he "recognized it as probably
contraband." When Appellant took off his clothes at the Cherokee County jail, Trooper Stanley
seized the plastic bags that, "as he had suspected," contained contraband.

 Appellant argues that Trooper Stanley knew or had reasonable grounds to believe that
Appellant possessed the contraband in Smith County. The arrest for driving without a license
occurred more than four hundred yards inside Smith County. Therefore, Appellant argues, his
transportation to Cherokee County was not authorized. Nor was it excused by Trooper Stanley's
mistaken belief that he was within four hundred yards of the county line when he arrested Appellant. 
Appellant insists he lacked control of the contraband in Cherokee County because he was in custody
and handcuffed. His presence in Cherokee County with the contraband was compelled by Trooper
Stanley's improper decision to transport him to the wrong jail. Therefore, he argues, his possession
of the drugs in Cherokee County was involuntary. Venue, he contends, was in Smith County where
Trooper Stanley first believed that the hard objects in his pants were drugs. 

 The purpose of the limited pat down search of Appellant was not to discover evidence of a
crime but to insure that Appellant had no weapon so that he might be safely transported to jail. 
Trooper Stanley was reasonably certain the hard object in Appellant's pants was drugs, but he was
positive it was not a weapon. Appellant was going to jail in any case. It was apparent that a
thorough search for contraband could be more conveniently and efficiently performed at the jail than
on the side of the road. We are aware of no duty on Trooper Stanley's part to make a more thorough
roadside search under these circumstances.

 Appellant's possession of the drugs was verified when he took off his clothes at the Cherokee
County jail. Although Appellant's ride in the trooper's patrol car from over the Smith County line
to the Cherokee County jail was not undertaken by his own choice or free will, it was voluntary
under section 6.01(a) of the penal code in that it was not accidental. See Alford v. State, 866 S.W.2d
619, 623 (Tex. Crim. App. 1993); Brown v. State, 89 S.W.3d 630, 632-33 (Tex. Crim. App. 2002).

 The trial court did not err in overruling Appellant's motion for directed verdict. Appellant's
first issue is overruled.


Chain of Custody


 In his second issue, Appellant contends the trial court erred in admitting exhibits containing
cocaine because the State failed to show a proper chain of custody.

Standard of Review and Applicable Law

 The sufficiency of an evidentiary predicate is within the trial court's discretion and the trial
court's decision should not be disturbed absent an abuse of discretion. Smith v. State, 683 S.W.2d
393, 403 (Tex. Crim. App. 1984).

 The requirement of authentication or identification as a condition precedent to admissibility
is satisfied by evidence sufficient to support a finding that the matter in question is what its
proponent claims. Tex. R. Evid. 901(a). This can be accomplished through the testimony of
witnesses with personal knowledge or by showing distinctive characteristics taken in conjunction
with the circumstances. Tex. R. Evid. 901(b)(1), (4). Items that are unique or easily identifiable and
are substantially unchanged do not require evidence of a chain of custody. Hartsfield v. State, 200
S.W.3d 813, 817 (Tex. App.-Texarkana 2006, pet. ref'd). Where evidence does not have distinctive
characteristics, "[a]uthentication of such an article may be accomplished by marking the item and
identifying it at trial as the same, so long as there is no evidence of tampering or alteration." Id. at
818. Absent evidence of tampering, an objection that the State has failed to establish a proper chain
of custody goes to the weight of the evidence rather than its admissibility. Simmons v. State, 944
S.W.2d 11, 12 (Tex. App.-Tyler 1997, pet. ref'd).

Discussion

 Trooper Stanley took contraband from Appellant and his passenger, Robertson, at the
Cherokee County jail and placed the baggies of drugs in his locked desk drawer without marking
them. These were the only drugs seized that day by Stanley. Those taken from Appellant remained
in the clearly identifiable Halloween bags. When Stanley turned the drugs over to Investigator
Rogers, the drugs possessed by Appellant were taken from the Halloween bags and repackaged by
Rogers. Rogers testified that he gave each exhibit a separate and unique exhibit number and marked
each with the appropriate case information and his initials before mailing them to the DPS laboratory
by certified mail, return receipt requested. When received at the laboratory, the exhibits were
assigned a laboratory case number and a bar code and kept in a limited access vault. Clayborne
Cloud, the DPS chemist, was able to identify the exhibits from the laboratory number, his initials,
and the date when he sealed it. The trial court did not abuse its discretion in admitting the
challenged exhibits into evidence.

 Moreover, Trooper Stanley testified that the only powder cocaine seized that day was from
Appellant. The powder cocaine weighed 4.24 grams, an amount sufficient to sustain the conviction.

 Appellant's second issue is overruled.


Disposition


 The judgment of the trial court is affirmed.

 BILL BASS 

 Justice

Opinion delivered July 23, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by
assignment.


(DO NOT PUBLISH)
1. "An offense committed on the boundaries of two or more counties, or within four hundred yards thereof,
may be prosecuted and punished in any one of such counties. . . ." Tex. Code Crim. Proc. Ann. art. 13.04 (Vernon
2005).