# NO. 12-07-00257-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JIMENDRICK CLENON CHRISTOPHER a/k/a JIMENDRICK CLENON SHEDD, APPELLANT* | § | *APPEAL FROM THE SECOND* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS, APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

*MEMORANDUM OPINION*

A jury convicted Appellant, Jimendrick Clenon Christopher aka Jimendrick Clenon Shedd, of possession of four grams or more but less than two hundred grams of cocaine. The trial court assessed his punishment at imprisonment for twelve years. Appellant raises two issues contending the trial court erred in denying Appellant's motion for directed verdict based on the State's failure to prove venue, and in admitting into evidence exhibits containing cocaine because there was not a proper chain of custody. We affirm.

<u>BACKGROUND</u>

Trooper Justin Stanley of the Texas Department of Public Safety stopped a white Chevrolet Caprice because it did not have a front license plate. Trooper Stanley made the stop on Highway 135 in Smith County, 937 yards from the Cherokee County line. The driver, Appellant, had no identification, but was identified by name and date of birth. Appellant did not have a driver's license. Trooper Stanley arrested Appellant, handcuffed him, and placed him in the patrol car. Trooper Stanley found an open container on the passenger side of the vehicle and arrested the passenger, Russell Robertson, for the open container violation. Trooper Stanley performed a pat

down search for weapons on Appellant and Robertson before placing them in the patrol car. He felt hard objects in the pants of both, which he suspected was contraband. Trooper Stanley, believing he was within four hundred yards of the Cherokee County line,[1] transported both men to the Cherokee County jail rather than the Smith County jail. When Appellant undressed at the county jail, Trooper Stanley saw Halloween bags under Appellant's genitalia. Trooper Stanley took bags containing powder cocaine, crack cocaine, and marijuana. Appellant also had $710 in his outer clothing and more empty plastic bags with Halloween decorations on them in his pants.

Both Appellant and his passenger lived in Cherokee County. Kevin Rogers, a Rusk police officer assigned to the Dogwood Trails Narcotics Task Force, testified that he received five exhibits for testing from Trooper Stanley. Officer Rogers testified that he marked each exhibit with the date, time, and his initials, packaged the evidence according to department policy, and sent the exhibits to the Department of Public Safety (DPS) laboratory for analysis.

Clayborne Cloud III, a DPS laboratory chemist, testified that one exhibit contained 4.24 grams of powder cocaine, three exhibits contained respectively, 3.21 grams, 1.03 grams, and .3 grams of crack cocaine, and the fifth exhibit contained 3.7 grams of marijuana.

**VENUE**

In his first issue, Appellant contends the trial court erred in denying his motion for directed verdict in which he asserted that the State did not prove that venue was proper in Cherokee County.

**Standard of Review**

A trial court's denial of a motion for directed verdict is reviewed as a challenge to the legal sufficiency of the evidence. *Canales v. State*, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003). The State need prove venue only by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 13.17 (Vernon 2005). In evaluating the legal sufficiency of the evidence supporting an allegation of venue, an appellate court is required to view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found, by a preponderance of the

---

[1] "An offense committed on the boundaries of two or more counties, or within four hundred yards thereof, may be prosecuted and punished in any one of such counties. . . ." TEX. CODE CRIM. PROC. ANN. art. 13.04 (Vernon 2005).

2

evidence, that venue was proper in the county alleged in the indictment. ***Murphy v. State***, 112 S.W.3d 592, 604-05 (Tex. Crim. App. 2003).

**Applicable Law**

The State is required to prove that the prosecution is being brought in the proper venue. ***Ex parte Watson***, 601 S.W.2d 350, 352 (Tex. Crim. App. 1980). Proof of venue may be established by direct or circumstantial evidence, and the jury may draw reasonable inferences from the evidence. ***Black v. State***, 645 S.W.2d 789, 790 (Tex. Crim. App. 1983); ***Edwards v. State***, 97 S.W.3d 279, 285 (Tex. App.–Houston [14th Dist.] 2003, pet. ref'd). The evidence is sufficient if the jury may reasonably conclude that the offense was committed in the county alleged. ***Rippee v. State***, 384 S.W.2d 717, 718 (Tex. Crim. App. 1964).

**Discussion**

The State alleged in the indictment that Appellant possessed the drugs in Cherokee County. Appellant contends that Trooper Stanley knew that he was in possession of contraband from the time of his pat down search of Appellant immediately after his arrest and while he was still in Smith County. Officer Stanley testified that after arresting Appellant, but before placing him in the patrol car, he conducted a pat down search of Appellant and felt hard objects in his pants in the area of his private parts. Trooper Stanley said that he did not take them out, but he "recognized it as probably contraband." When Appellant took off his clothes at the Cherokee County jail, Trooper Stanley seized the plastic bags that, "as he had suspected," contained contraband.

Appellant argues that Trooper Stanley knew or had reasonable grounds to believe that Appellant possessed the contraband in Smith County. The arrest for driving without a license occurred more than four hundred yards inside Smith County. Therefore, Appellant argues, his transportation to Cherokee County was not authorized. Nor was it excused by Trooper Stanley's mistaken belief that he was within four hundred yards of the county line when he arrested Appellant. Appellant insists he lacked control of the contraband in Cherokee County because he was in custody and handcuffed. His presence in Cherokee County with the contraband was compelled by Trooper Stanley's improper decision to transport him to the wrong jail. Therefore, he argues, his possession of the drugs in Cherokee County was involuntary. Venue, he contends, was in Smith County where Trooper Stanley first believed that the hard objects in his pants were drugs.

3

The purpose of the limited pat down search of Appellant was not to discover evidence of a crime but to insure that Appellant had no weapon so that he might be safely transported to jail. Trooper Stanley was reasonably certain the hard object in Appellant's pants was drugs, but he was positive it was not a weapon. Appellant was going to jail in any case. It was apparent that a thorough search for contraband could be more conveniently and efficiently performed at the jail than on the side of the road. We are aware of no duty on Trooper Stanley's part to make a more thorough roadside search under these circumstances.

Appellant's possession of the drugs was verified when he took off his clothes at the Cherokee County jail. Although Appellant's ride in the trooper's patrol car from over the Smith County line to the Cherokee County jail was not undertaken by his own choice or free will, it was voluntary under section 6.01(a) of the penal code in that it was not accidental. *See Alford v. State*, 866 S.W.2d 619, 623 (Tex. Crim. App. 1993); *Brown v. State*, 89 S.W.3d 630, 632-33 (Tex. Crim. App. 2002).

The trial court did not err in overruling Appellant's motion for directed verdict. Appellant's first issue is overruled.

## CHAIN OF CUSTODY

In his second issue, Appellant contends the trial court erred in admitting exhibits containing cocaine because the State failed to show a proper chain of custody.

### Standard of Review and Applicable Law

The sufficiency of an evidentiary predicate is within the trial court's discretion and the trial court's decision should not be disturbed absent an abuse of discretion. *Smith v. State*, 683 S.W.2d 393, 403 (Tex. Crim. App. 1984).

The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. TEX. R. EVID. 901(a). This can be accomplished through the testimony of witnesses with personal knowledge or by showing distinctive characteristics taken in conjunction with the circumstances. TEX. R. EVID. 901(b)(1), (4). Items that are unique or easily identifiable and are substantially unchanged do not require evidence of a chain of custody. *Hartsfield v. State*, 200 S.W.3d 813, 817 (Tex. App.–Texarkana 2006, pet. ref'd). Where evidence does not have distinctive

4

characteristics, "[a]uthentication of such an article may be accomplished by marking the item and identifying it at trial as the same, so long as there is no evidence of tampering or alteration." *Id.* at 818. Absent evidence of tampering, an objection that the State has failed to establish a proper chain of custody goes to the weight of the evidence rather than its admissibility. *Simmons v. State*, 944 S.W.2d 11, 12 (Tex. App.–Tyler 1997, pet. ref'd).

**Discussion**

Trooper Stanley took contraband from Appellant and his passenger, Robertson, at the Cherokee County jail and placed the baggies of drugs in his locked desk drawer without marking them. These were the only drugs seized that day by Stanley. Those taken from Appellant remained in the clearly identifiable Halloween bags. When Stanley turned the drugs over to Investigator Rogers, the drugs possessed by Appellant were taken from the Halloween bags and repackaged by Rogers. Rogers testified that he gave each exhibit a separate and unique exhibit number and marked each with the appropriate case information and his initials before mailing them to the DPS laboratory by certified mail, return receipt requested. When received at the laboratory, the exhibits were assigned a laboratory case number and a bar code and kept in a limited access vault. Clayborne Cloud, the DPS chemist, was able to identify the exhibits from the laboratory number, his initials, and the date when he sealed it. The trial court did not abuse its discretion in admitting the challenged exhibits into evidence.

Moreover, Trooper Stanley testified that the only powder cocaine seized that day was from Appellant. The powder cocaine weighed 4.24 grams, an amount sufficient to sustain the conviction.

Appellant's second issue is overruled.

## DISPOSITION

The judgment of the trial court is *affirmed*.

                                                    BILL BASS
                                                      Justice

Opinion delivered July 23, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.*

(DO NOT PUBLISH)