COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-11-00245-CR |
| | § | Appeal from the |
| EX PARTE CHESTER MILLER. | § | County Court at Law Number Two |
| | § | of El Paso County, Texas |
| | § | (TC# 20080C06704) |

## O P I N I O N

Appellant appeals the trial court's denial of his second application for writ of habeas corpus. We affirm the trial court's order denying habeas corpus relief.

## BACKGROUND

By information, Appellant was charged with family-violence assault to which he pleaded guilty and was sentenced on June 27, 2008, to confinement in the El Paso County Jail for 90 days. TEX. PENAL CODE ANN. § 22.01 (West 2011). Appellant filed his second application for writ of habeas corpus wherein he complained that the trial court was without jurisdiction to convict him upon an allegedly-defective information and that his trial counsel was ineffective for allegedly failing to discover the purported defect in the charging instrument.

In his application, Appellant specifically complained that the information was defective because the signature on the jurat is composed of initials rather than the full signature of the Assistant District Attorney whose name is printed on the information. Appellant also asserted that his trial counsel rendered ineffective assistance of counsel through his failure to examine and object to the charging instrument. In its answer, the State argued that: (1) Appellant waived any

objection to the charging instrument by failing to present the objection to the trial court prior to trial; (2) the information and complaint were valid; and (3) trial counsel could not have been ineffective for failing to lodge frivolous objections to the complaint and information.

The trial court entered findings of fact, which included findings that: (1) after his warrantless arrest, Appellant had been taken before a magistrate in compliance with Texas Code of Criminal Procedure article 14.06; (2) Officer Adams had presented a complaint affidavit that was sworn and subscribed to before an assistant district attorney, in compliance with Texas Code of Criminal Procedure article 21.22; and (3) the assistant district attorney presented the trial court with the information filed in the case. TEX. CODE CRIM. PROC. ANN. art. 14.06 (West 2005) and arts. 21.21, 21.22 (West 2009). In its conclusions of law, the trial court determined that: (1) the complaint affidavit and information were proper, were not defective, and complied with the law and the Code of Criminal Procedure; (2) the filing of the information vested the trial court with jurisdiction over Appellant and the offense; (3) defense counsel could not be ineffective for failing to file a motion to quash the information because the information was not defective; (4) defense counsel would not have been required to file a meritless objection to the information; and (5) Appellant's allegations about the complaint and information were without merit. TEX. CODE CRIM. PROC. ANN. arts. 21.21, 21.22 (West 2009). Noting that it was addressing Appellant's second application for writ of habeas corpus, the trial court denied the writ.

**DISCUSSION**

*Standard of Review*

When reviewing a trial court's decision to grant or deny writ of habeas corpus relief, we review the facts in the light most favorable to the trial court's ruling and we uphold the ruling

2

absent an abuse of discretion. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex.Crim.App. 2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex.Crim.App. 2007). We afford almost total deference to a trial court's determination of the historical facts supported by the record, especially when its fact findings are based upon an evaluation of credibility and demeanor. *Ex parte Martin*, 6 S.W.3d 524, 526 (Tex.Crim.App. 1999). We afford the same amount of deference to the trial court's application of the law to the facts if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *Ex parte Peterson*, 117 S.W.3d at 819. However, we review *de novo* those mixed questions of law and fact that do not depend upon credibility and demeanor. *Id.*

*Analysis*

Habeas corpus is available for the sole purpose of reviewing jurisdictional defects or denials of fundamental or constitutional rights. *See Ex parte Watson*, 601 S.W.2d 350, 352 (Tex.Crim.App. 1980); *Ex parte Shields*, 550 S.W.2d 670, 675 (Tex.Crim.App. 1977) (opinion on reh'g). In his first issue, Appellant asserts that the trial court lacked subject-matter jurisdiction because the information contained an allegedly invalid jurat. However, if a defendant fails to object to a defect, error, or irregularity of form or substance in an information before the date on which the trial on the merits commences, he waives the right to object and is prohibited from raising an objection to such defect on appeal or in any post-conviction proceeding. TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005). Additionally, the test for constitutional sufficiency of a particular charging instrument is whether the court and the defendant are able to determine from the face of the charging instrument, despite its substantive defects, that the charging instrument intends to charge an offense for which the court has jurisdiction. *Teal v.*

3

*State*, 230 S.W.3d 172, 182 (Tex.Crim.App. 2007).

We find no evidence in the appellate record showing that Appellant presented any objection regarding the alleged defect in the information prior to the commencement of trial. We therefore conclude that Appellant has waived the defective-information issue for the trial court's consideration in his post-conviction habeas corpus proceedings. TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005). Because Appellant waived his complaint, the trial court's denial of Appellant's application for writ of habeas corpus upon the basis of the allegedly-defective indictment was not error.

The trial court found that the information was proper, complied with the Texas Code of Criminal Procedure, and was not defective, and vested the trial court with jurisdiction over Appellant and the charged offense. The information alleged, in part, that Appellant on or before June 2, 2008, and before the filing of the information, intentionally, knowingly, and recklessly caused bodily injury to the complaining witness by grabbing her and pushing her, or throwing her into a wall and by grabbing and pulling her hair. Because the trial court and Appellant were able to determine from the face of the information that it intended to charge Appellant with an offense over which the trial court had jurisdiction, the information satisfies the test for constitutional sufficiency. TEX. PENAL CODE ANN. § 22.01 (West 2011). Issue One is overruled.

In his second issue, Appellant complains that trial counsel was ineffective for failing to identify and object to defects in the information. To obtain relief for ineffective assistance of counsel, Appellant must prove that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 694-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). A

4

claim of ineffective assistance of counsel must be firmly founded in the record and the record must affirmatively demonstrate the meritorious nature of the claim. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005). This is true regarding the issue of counsel's allegedly-deficient performance where counsel's reasons for failing to act do not appear in the record. *Id.* We review counsel's conduct with great deference and without the distorting effects of hindsight. *Id.* Trial counsel should be provided an opportunity to explain his actions before we denounce them as ineffective. *Id.* Absent this opportunity, we should not find counsel's performance to be deficient unless the challenged conduct is so outrageous that no competent counsel would have engaged in it. *Id.*

Although the record on appeal is often an inadequate vehicle for raising a claim of ineffective assistance because the record is typically undeveloped, a record may be more fully developed in a post-conviction habeas corpus proceeding. *See Goodspeed*, 187 S.W.3d at 392. However, the record before us remains undeveloped regarding trial counsel's representation and fails to affirmatively demonstrate that Appellant's ineffective-assistance claim is meritorious. Rather, the trial court properly found on the record before it that trial counsel could not be ineffective for failing to file a meritless motion to quash or other objection to the information which was not defective. Because Appellant has failed to satisfy the deficient-performance prong of the *Strickland* analysis, the trial court did not err in denying Appellant's requested habeas corpus relief. *Strickland*, 466 U.S. at 694-96. Issue Two is overruled.

## CONCLUSION

The trial court's order denying Appellant's request for habeas corpus relief is affirmed.

5

GUADALUPE RIVERA, Justice

November 28, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.

(Do Not Publish)