COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
  
  
  
  
  
 EX PARTE CHESTER MILLER.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-11-00245-CR
  
 Appeal from the
  
 County
 Court at Law Number Two
  
 of El
 Paso County, Texas
  
 (TC# 20080C06704)
  
 
 


O
P I N I O N

 

Appellant appeals the trial court’s denial
of his second application for writ of habeas corpus.  We affirm the trial court’s order denying
habeas corpus relief.

BACKGROUND

By information, Appellant was charged with
family-violence assault to which he pleaded guilty and was sentenced on June
27, 2008, to confinement in the El Paso County Jail for 90 days.  Tex.
Penal Code Ann. § 22.01 (West 2011). 
Appellant filed his second application for writ of habeas corpus wherein
he complained that the trial court was without jurisdiction to convict him upon
an allegedly-defective information and that his trial counsel was ineffective
for allegedly failing to discover the purported defect in the charging
instrument.

In his application, Appellant specifically
complained that the information was defective because the signature on the
jurat is composed of initials rather than the full signature of the Assistant
District Attorney whose name is printed on the information.  Appellant also asserted that his trial
counsel rendered ineffective assistance of counsel through his failure to
examine and object to the charging instrument. 
In its answer, the State argued that:  (1) Appellant waived any objection to the
charging instrument by failing to present the objection to the trial court
prior to trial; (2) the information and complaint were valid; and (3) trial
counsel could not have been ineffective for failing to lodge frivolous
objections to the complaint and information.

The trial court entered findings of fact,
which included findings that: (1) after his warrantless arrest, Appellant had
been taken before a magistrate in compliance with Texas Code of Criminal
Procedure article 14.06; (2) Officer Adams had presented a complaint affidavit
that was sworn and subscribed to before an assistant district attorney, in
compliance with Texas Code of Criminal Procedure article 21.22; and (3) the
assistant district attorney presented the trial court with the information filed
in the case.  Tex. Code Crim. Proc. Ann. art. 14.06 (West 2005) and arts. 21.21,
21.22 (West 2009).  In its conclusions of
law, the trial court determined that:  (1)
the complaint affidavit and information were proper, were not defective, and
complied with the law and the Code of Criminal Procedure; (2) the filing of the
information vested the trial court with jurisdiction over Appellant and the
offense; (3) defense counsel could not be ineffective for failing to file a
motion to quash the information because the information was not defective; (4)
defense counsel would not have been required to file a meritless objection to
the information; and (5) Appellant’s allegations about the complaint and
information were without merit.  Tex. Code Crim. Proc. Ann. arts. 21.21,
21.22 (West 2009).  Noting that it was
addressing Appellant’s second application for writ of habeas corpus, the trial
court denied the writ.

DISCUSSION

Standard of Review

            When
reviewing a trial court’s decision to grant or deny writ of habeas corpus
relief, we review the facts in the light most favorable to the trial court’s
ruling and we uphold the ruling absent an abuse of discretion.  Ex
parte Peterson, 117 S.W.3d 804, 819 (Tex.Crim.App. 2003), overruled on other grounds by Ex parte Lewis,
219 S.W.3d 335 (Tex.Crim.App. 2007).  We
afford almost total deference to a trial court’s determination of the
historical facts supported by the record, especially when its fact findings are
based upon an evaluation of credibility and demeanor.  Ex parte
Martin, 6 S.W.3d 524, 526 (Tex.Crim.App. 1999).  We afford the same amount of deference to the
trial court’s application of the law to the facts if the resolution of the
ultimate question turns on an evaluation of credibility and demeanor.  Ex
parte Peterson, 117 S.W.3d at 819. 
However, we review de novo
those mixed questions of law and fact that do not depend upon credibility and
demeanor.  Id.

Analysis

            Habeas
corpus is available for the sole purpose of reviewing jurisdictional defects or
denials of fundamental or constitutional rights.  See Ex
parte Watson, 601 S.W.2d 350, 352 (Tex.Crim.App. 1980); Ex parte Shields, 550 S.W.2d 670, 675
(Tex.Crim.App. 1977) (opinion on reh’g). 
In his first issue, Appellant asserts that the trial court lacked subject-matter
jurisdiction because the information contained an allegedly invalid jurat.  However, if a defendant fails to object to a
defect, error, or irregularity of form or substance in an information before
the date on which the trial on the merits commences, he waives the right to
object and is prohibited from raising an objection to such defect on appeal or
in any post-conviction proceeding.  Tex. Code Crim. Proc. Ann. art. 1.14(b)
(West 2005).  Additionally, the test for
constitutional sufficiency of a particular charging instrument is whether the
court and the defendant are able to determine from the face of the charging
instrument, despite its substantive defects, that the charging instrument
intends to charge an offense for which the court has jurisdiction.  Teal v.
State, 230 S.W.3d 172, 182 (Tex.Crim.App. 2007).

            We find no
evidence in the appellate record showing that Appellant presented any objection
regarding the alleged defect in the information prior to the commencement of
trial.  We therefore conclude that
Appellant has waived the defective-information issue for the trial court’s
consideration in his post-conviction habeas corpus proceedings.  Tex.
Code Crim. Proc. Ann. art. 1.14(b) (West 2005).  Because Appellant waived his complaint, the
trial court’s denial of Appellant’s application for writ of habeas corpus upon
the basis of the allegedly-defective indictment was not error.

            The trial
court found that the information was proper, complied with the Texas Code of
Criminal Procedure, and was not defective, and vested the trial court with
jurisdiction over Appellant and the charged offense.  The information alleged, in part, that
Appellant on or before June 2, 2008, and before the filing of the information,
intentionally, knowingly, and recklessly caused bodily injury to the
complaining witness by grabbing her and pushing her, or throwing her into a
wall and by grabbing and pulling her hair. 
Because the trial court and Appellant were able to determine from the
face of the information that it intended to charge Appellant with an offense
over which the trial court had jurisdiction, the information satisfies the test
for constitutional sufficiency.  Tex. Penal Code Ann. § 22.01 (West
2011).  Issue One is overruled.

            In his
second issue, Appellant complains that trial counsel was ineffective for
failing to identify and object to defects in the information.  To obtain relief for ineffective assistance
of counsel, Appellant must prove that counsel’s performance was deficient and
that the deficient performance prejudiced his defense.  Strickland
v. Washington, 466 U.S. 668, 694-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);
Hernandez v. State, 726 S.W.2d 53, 57
(Tex.Crim.App. 1986).  A claim of
ineffective assistance of counsel must be firmly founded in the record and the
record must affirmatively demonstrate the meritorious nature of the claim.  Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005).  This is true regarding the issue of counsel’s
allegedly-deficient performance where counsel’s reasons for failing to act do
not appear in the record.  Id. 
We review counsel’s conduct with great deference and without the
distorting effects of hindsight.  Id. 
Trial counsel should be provided an opportunity to explain his actions
before we denounce them as ineffective.  Id. 
Absent this opportunity, we should not find counsel’s performance to be
deficient unless the challenged conduct is so outrageous that no competent
counsel would have engaged in it.  Id.

            Although the
record on appeal is often an inadequate vehicle for raising a claim of
ineffective assistance because the record is typically undeveloped, a record
may be more fully developed in a post-conviction habeas corpus proceeding.  See
Goodspeed, 187 S.W.3d at 392. However, the record before us remains
undeveloped regarding trial counsel’s representation and fails to affirmatively
demonstrate that Appellant’s ineffective-assistance claim is meritorious.  Rather, the trial court properly found on the
record before it that trial counsel could not be ineffective for failing to
file a meritless motion to quash or other objection to the information which
was not defective.  Because Appellant has
failed to satisfy the deficient-performance prong of the Strickland analysis, the trial court did not err in denying
Appellant’s requested habeas corpus relief. 
Strickland, 466 U.S. at 694-96.
 Issue Two is overruled.

CONCLUSION

The trial court’s order denying Appellant’s
request for habeas corpus relief is affirmed.

 

                                                                        GUADALUPE
RIVERA, Justice

November 28, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.

 

(Do Not Publish)