

NUMBER 13-12-00131-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**DAVID RODRIGUEZ ORTIZ,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

**On appeal from the 139th District Court
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

By six issues, appellant David Rodriguez Ortiz challenges his conviction for aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B) (West 2011). We affirm.

## I. BACKGROUND

Appellant met S.M. on a "chat line" where people meet and talk with each other on the phone.[1]  S.M. told appellant that she was eighteen, but she was actually twelve years old at the time.  Appellant was twenty-four years old.  S.M. testified at trial that they continued to talk even after S.M.'s mother sent a text message to appellant informing him of her daughter's actual age.  Several months later, S.M. and appellant met in person at a movie theater in Pharr, Texas.  S.M. was accompanied by her sister, Elizabeth, and their cousin.  Appellant later moved to Virginia and S.M. followed him without her mother's permission.  Appellant was later arrested on Virginia state charges for having sex with S.M.  S.M.'s mother brought S.M. back to Texas and brought her to the police to give a statement.  S.M. told the police that she had sex with appellant as many as twenty times, both in Texas and in Virginia.  Elizabeth also gave a statement to the police that appellant would often pick up S.M. at their house, that appellant and S.M. spent the night together at the house of S.M.'s cousin, and that Elizabeth had observed appellant and S.M. "kissing and hugging" at least once when all three of them had gone out together.

The State indicted appellant on two counts of aggravated sexual assault of a child, *see id.*, and extradited him from Virginia.  The State later dismissed the first charge before trial.  At trial, S.M. and Elizabeth denied almost all of their statements to the police.  The State moved for and received permission to treat both S.M. and Elizabeth as hostile witnesses and proceeded to impeach them with their statements to police.

---

[1] In order to protect the privacy of the minor complainant, we will refer to her by her initials and her sister by the fictitious name of "Elizabeth."

After the State rested, appellant moved for a directed verdict on the grounds that there was no evidence that the offense occurred in Texas. The trial court denied appellant's motion. Appellant's lawyer rested without calling any witnesses or putting on any evidence. The judge submitted the case to the jury, which returned a verdict of guilty. The jury imposed a sentence of five years' imprisonment in the Texas Department of Criminal Justice—Institutional Division. *See id.* § 12.32(a) (West 2011). Appellant filed a motion for new trial which was overruled by operation of law. *See* TEX. R. APP. P. 21.8(c). This appeal followed.

## II. DISCUSSION

### A. Admission of Impeachment Evidence

By his first issue, appellant argues that the trial court erred by allowing S.M. and Elizabeth to testify because the State knew that both would not testify in the State's favor, and was just using their testimony as a subterfuge to put the witnesses' statements, which he argues would otherwise be inadmissible hearsay, in front of the jury. However, appellant does not direct us to any point in the trial record where he objected to the testimony of either witness. *See* TEX. R. APP. P. 33.1(a). The Texas Court of Criminal Appeals has "consistently held that the failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of the evidence." *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002). Accordingly, we conclude that appellant has forfeited the error, if any, in permitting the two witnesses to testify. *See id.*; *Barley v. State*, 906 S.W.2d 27, 37 (Tex. Crim. App. 1995) (holding that appellant forfeited the same claim as in this case by failing to object at trial). We overrule appellant's first issue.

**B. Sufficiency of the Evidence**

By his second and third issues, appellant challenges whether the evidence is legally sufficient to support a finding that appellant penetrated S.M.'s vagina with his sexual organ.[2]

**1. Standard of Review and Applicable Law**

In a legal sufficiency review, "a reviewing court views all of the evidence in the light most favorable to the verdict to decide whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Garcia v. State*, 367 S.W.3d 684, 686–87 (Tex. Crim. App. 2012) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "The reviewing court must give deference to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19). This same standard applies to both circumstantial and direct evidence because "circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Id.* (citing *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004)). If the record supports conflicting inferences, we presume that the fact finder resolved the conflict in favor of the prosecution and defer to that resolution. *Garcia*, 367 S.W.3d at 687; *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.).

---

[2] Appellant's second issue challenges whether the evidence is sufficient to show that S.M. has ever been vaginally penetrated. Because that is not an element of the offense, we understand appellant as making the same argument that he does in his third issue, that there is no proof that appellant penetrated S.M.'s vagina with his sexual organ.

We measure the sufficiency of the evidence supporting a conviction by the elements of the offense, which "are defined by the hypothetically correct jury charge for the case," applied to the particular facts of the case. *Ramos v. State*, 407 S.W.3d 265, 269 (Tex. Crim. App. 2013) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240. In this case, the hypothetically correct jury charge for the offense required the State to prove beyond a reasonable doubt that appellant: (1) intentionally or knowingly; (2) caused the penetration of S.M.'s vagina; (3) by his own sexual organ; (4) when she was younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (2)(B); *Ozuna v. State*, 199 S.W.3d 601, 606 (Tex. App.—Corpus Christi 2006, no pet.).

"Courts give wide latitude to testimony given by child victims of sexual abuse." *Reckart v. State*, 323 S.W.3d 588, 598 (Tex. App.—Corpus Christi 2010, pet. ref'd). The testimony of a child complainant standing alone is sufficient to support a conviction for aggravated sexual assault of a child. TEX. CODE CRIM. PROC. ANN. art. 38.07(a) (West Supp. 2013). Child complainants are "not expected to testify with the same clarity and ability as is expected of a mature and capable adult." *Hiatt v. State*, 319 S.W.3d 115, 121 (Tex. App.—San Antonio 2010, pet. ref'd) (citing *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990)). The child need not testify about penetration, which the State can prove from circumstantial evidence, but "the testimony of a child victim alone is sufficient evidence of penetration to support a conviction." *Ozuna*, 199

5

S.W.3d at 606 (citing *Villalon*, 791 S.W.2d at 134). Even if the child recants the allegations, "the jury is entitled to credit the earlier allegations and disbelieve the recanted testimony." *Reckart*, 323 S.W.3d at 598 (citing *Saldana v. State*, 287 S.W.3d 43, 60 (Tex. App.—Corpus Christi 2008, pet. ref'd)).

### 2. Analysis

Appellant argues that the evidence is insufficient to prove that he penetrated S.M.'s vagina with his sexual organ. Appellant argues that S.M.'s testimony where she denied that appellant ever had sex with her and also denied that she even knew the meaning of the word "sex" establishes that the evidence is insufficient for a rational jury to conclude that S.M. ever had sex with anyone, much less with appellant.[3] Appellant's argument takes a portion of S.M.'s testimony out of context and ignores other parts of her testimony, as well as other evidence that was before the jury. S.M. admitted elsewhere in her testimony that she told the police that appellant had sex with her up to twenty times and that appellant did not wear a condom during sex. Additionally, the jury heard testimony from Elvia Munguia, a sexual assault nurse examiner who performed a physical exam on S.M., that S.M. stated that appellant had sex with her at least ten times and that she had never had sex with any other person. Munguia also testified that she observed during the physical exam that S.M.'s hymen was partially transacted. Munguia testified that this means that "[t]here has been some type of sexual penetration." Even though S.M. did not directly testify as to penetration, a rational jury could infer from the foregoing that S.M. understood the term "sex" in this context as referring to penetration of the vagina with the male sexual organ, and that appellant had

---

[3] After receiving permission to treat S.M. as a hostile witness, the State asked: "what does the word 'sex' mean to you?" S.M. responded: "I don't know."

sex with her multiple times.  *See Ozuna*, 199 S.W.3d at 606 (citing *Villalon*, 791 S.W.2d at 134) (observing that the State can prove penetration by circumstantial evidence). S.M. recanted her statement to police at trial and in the words of appellant was "not a willing witness," but the jury was entitled to disbelieve her recantation and credit her previous statements.  *See Reckart*, 323 S.W.3d at 598; *Saldana*, 287 S.W.3d at 60.  We conclude that there was sufficient evidence for the jury to find that appellant (1) intentionally or knowingly (2) penetrated S.M.'s vagina; (3) with his sexual organ; (4) when S.M. was less than fourteen years old.  *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (2)(B).  We overrule appellant's second and third issues.

### C. Whether the Offense Occurred in Hidalgo County, or in the Boundaries of Texas

By his fourth and fifth issues, appellant challenges the sufficiency of the evidence to prove that the offense occurred in Hidalgo County or that it occurred in Texas at all. Appellant frames these two issues as a challenge to the sufficiency of the evidence supporting an element of the offense.  However, the question of whether the offense occurred in Hidalgo County as alleged in the indictment is really an issue of venue, which is not an essential element of an offense and which the State need only prove by a preponderance of the evidence.  *State v. Blakenship*, 170 S.W.3d 676, 681 (Tex. App.—Austin 2005, pet. ref'd) (citing TEX. CODE CRIM. PROC. art. 13.17 (West 2005)). We are to presume that venue was proved in the trial court unless the defendant objected or the record affirmatively shows to the contrary.  TEX. R. APP. P. 44.2(c)(1). The question of whether the offense occurred in the State of Texas at all is a question of jurisdiction because Texas courts generally only have the authority to try persons for criminal offenses committed within the territorial boundaries of the state.  *Ex parte*

7

*Watson*, 601 S.W.2d 350, 352 (Tex. Crim. App. 1980); *see* TEX. PENAL CODE ANN. § 1.04(a) (West 2011) (discussing the territorial jurisdiction of Texas courts).

The evidence establishes that the offense took place in Texas, *see Ex parte Watson*, 601 S.W.2d at 352, and the record does not affirmatively negate that venue was proper in Hidalgo County. *See* TEX. R. APP. P. 44.2(c)(1). Although S.M. testified at one point that appellant only had sex with her in Virginia, she also admitted in her testimony that she told the police that appellant had sex with her in his truck across from her house, and that they also had sex at S.M.'s cousin's house. S.M. testified that her cousin lives on the same street as S.M., but that she did not know in which county the street is located. However, S.M.'s mother testified that they live in Edinburg, and it is undisputed that Edinburg is in Hidalgo County, Texas. A reasonable jury could have chosen to disregard S.M.'s recantations and credit her previous statements. *See Reckart*, 323 S.W.3d at 598; *see also Land v. State*, 291 S.W.3d 23, 26–27 (Tex. App.—Texarkana 2009, pet. ref'd) (holding that there was sufficient evidence that appellant had sex with the minor complainant in the county alleged in the indictment, when the minor first denied at trial that they had sex at her house in Bowie County, and then admitted "in the same breath" that she had sex with him at her house). Accordingly, we overrule appellant's fourth and fifth issues.

### D. Ineffective Assistance of Counsel

By his sixth issue, appellant argues that his trial counsel performed ineffectively in violation of his rights under the state and federal constitutions.

8

**1. Standard of Review and Applicable Law**

We evaluate claims of ineffective assistance under the standards set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). Under the *Strickland* standard, appellant must show by a preponderance of evidence that: (1) trial counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that the result of the proceeding would have been different but for the attorney's deficient performance. *Strickland*, 466 U.S. at 687. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Ex parte Ellis*, 233 S.W.3d 324, 330–31 (Tex. Crim. App. 2007). If an appellant fails to prove one prong of the test, we do not need to address the other prong. *See Strickland*, 466 U.S. at 697; *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

When evaluating the quality of trial counsel's representation, we look to "the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel." *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Even though "a single egregious error of omission or commission" can constitute ineffective assistance, the Texas Court of Criminal Appeals has been hesitant to designate any particular error as ineffective assistance per se. *Id.* We apply "a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Id.* Allegations of ineffectiveness must therefore be "firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (citing *McFarland v. State,* 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). Direct appeal

9

is usually inadequate to make an ineffectiveness claim because the record is frequently undeveloped. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). This is especially true where the claimed error is one of omission and "counsel's reasons for failing to do something do not appear in the record." *Id.* The Texas Court of Criminal Appeals has explained that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State,* 101 S.W.3d 107, 111 (Tex. Crim. App. 2003) (citing *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002)). Unless counsel had an opportunity to explain his trial strategy, Texas appellate courts should "not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed,* 187 S.W.3d at 392 (quoting *Garcia,* 57 S.W.3d at 440).

### 2. Analysis

Appellant argues that his trial counsel was ineffective because counsel did not object to the State calling S.M. as a witness even though the State called her "for the sole purpose of impeaching the witness with evidence that would otherwise be inadmissible." Appellant also argues that trial counsel was deficient for not objecting to the testimony of Munguia because it was hearsay, and the State had not laid the proper predicate for admitting Munguia's testimony.[4] However, the record is silent on trial counsel's strategy in not objecting to the testimony of both witnesses, and "unless there is a record sufficient to demonstrate that counsel's conduct was not the product of a strategic or tactical decision a reviewing court should presume that trial counsel's performance was constitutionally adequate." *State v. Morales*, 253 S.W.3d 686, 696

---

[4] Appellant does not argue that failing to object to Elizabeth's testimony was ineffective assistance.

(Tex. Crim. App. 2008); *see Rylander*, 101 S.W.3d at 111.   We overrule appellant's sixth issue.

### III. CONCLUSION

We affirm the judgment of the trial court.


NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of December, 2013.

11